

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 3, 2024

**BY ECF**

The Honorable Dale E. Ho
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Application GRANTED.** The conference will be held on **Wednesday October 9, 2024, at 10:30 a.m.** The Clerk of Court is respectfully requested to close ECF No. 28.
>
> **SO ORDERED.**
>
> *[signature]*
>
> Dale E. Ho
> United States District Judge
> Dated: October 4, 2024
> New York, New York

Re:   *United States v. Eric Adams*, 24 Cr. 556 (DEH)

Dear Judge Ho:

The Government respectfully submits this letter, as previewed at yesterday's initial conference, to provide information about the statutory framework of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3, and to request that the Court schedule an *ex parte*, classified conference pursuant to Section 2 of CIPA.

I.   **Overview of CIPA**

CIPA governs the discovery of classified information in federal criminal cases. *See United States v. Abu-Jihaad*, 630 F.3d 102, 140-41 (2d Cir. 2010). Congress enacted CIPA to enable the Government to fulfill its duty to protect national security information, while simultaneously complying with its discovery obligations in federal criminal prosecutions. *See* S. Rep. No. 96-823, 96th Cong., 2d Sess., at 3 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4296; *see also United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996) (CIPA's purpose is to "harmonize a defendant's right to obtain and present exculpatory material upon his trial and the government's right to protect classified material in the national interest" (internal quotation marks and citation omitted)); *United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998) ("When classified materials may be relevant to criminal proceedings, [CIPA] provides procedures designed to protect the rights of the defendant while minimizing the harm to national security.").

CIPA does not alter a defendant's substantive rights or the Government's discovery obligations. *See United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989); *United States v. Anderson*, 872 F.2d 1508, 1514 (11th Cir. 1989). Rather, CIPA creates a procedural framework that permits the Court to rule, before trial, on questions related to classified materials. This framework helps to prevent unnecessary or inadvertent disclosure of classified information, and allows the Government to assess the national security "costs" associated with pursuing a certain course in its criminal prosecution. *See, e.g.*, *Anderson*, 872 F.2d at 1514; *United States v. Collins*, 720 F.2d 1195, 1197 (11th Cir. 1983) (the "straightforward and clear" purpose of CIPA "is to

provide procedures under which the government may be made aware, prior to trial, of the classified information, if any, which will be compromised by the prosecution").

An overview of potentially relevant CIPA provisions and procedures follows:

Section 2: Pretrial Conference

Section 2 of CIPA provides that upon a party's motion, the court "shall promptly hold a pretrial conference" to consider matters relating to classified information. 18 U.S.C. app. 3 § 2. Courts regularly conduct Section 2 conferences *ex parte*, so that the Government can discuss the substance of classified information that may be at issue in CIPA litigation or that may be relevant to the prosecution. *See, e.g.*, *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998) ("In a case involving classified documents…*ex parte*, *in camera* hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use in order to decide the relevancy of the information."); *United States v. Saipov*, No. 17 Cr. 722 (VSB), 2019 WL 5558214, at *2-3 (S.D.N.Y. Oct. 29, 2019) (discussing *ex parte* Section 2 conferences held in that case, and rejecting the argument that it was improper to hold *ex parte* conferences); *United States v. Menendez*, No. 23 Cr. 490 (SHS) (S.D.N.Y. Oct. 5, 2024) (Dkt. 50) (granting motion to hold an *ex parte* conference pursuant to CIPA Section 2); *United States v. McGonigal*, No. 23 Cr. 16 (JHR) (S.D.N.Y. Mar. 3, 2023) (Dkt. 33) (same); *United States v. Balouchzehi*, No. 21 Cr. 658 (JMF) (S.D.N.Y. Nov. 11, 2022) (Dkt. 32) (same).

Section 3: General Protective Order

Section 3 of CIPA provides for an appropriate protective order to be entered to protect against the unauthorized dissemination of classified information disclosed to the defense in connection with the prosecution. *See* 18 U.S.C. app. 3 § 3. This provision facilitates the production of classified discovery to the defense, where appropriate and necessary.[1]

Section 4: Discovery and Protective Orders

Section 4 of CIPA outlines procedures under which the Government can seek to limit the information it provides to the defense in discovery. Among its provisions, CIPA authorizes a court to deny or modify discovery of classified information that ordinarily would be produced pursuant to Federal Rule of Criminal Procedure 16 or otherwise. Specifically, Section 4 provides that "upon a sufficient showing," a court may "authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery…to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove." 18 U.S.C. app. 3 § 4. This provision "clarifies district courts' powers under Rule 16(d)(1) to issue protective orders denying or restricting discovery for good cause, which includes information vital to the national security." *United States v. Stewart*, 590 F.3d 93, 130 (2d Cir. 2009) (internal

---

[1] In the event the Government produces classified discovery, only cleared defense counsel will be permitted to review it. To reduce the potential for delay, the Government will provide contact information for the Court Information Security Officers to defense counsel to facilitate their applying for a clearance.

quotation marks omitted); *see also* Fed. R. Crim. P. 16(d)(1) (district courts may "for good cause, deny…discovery or inspection, or grant other appropriate relief").

The Second Circuit has explained that, in analyzing a Section 4 motion, a district court should engage in a three-stage analysis. *See United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008). *First*, the Court determines whether the classified information at issue is discoverable. *See id.* at 80. *Second*, the Court assesses whether the Government has properly invoked the need to protect against the disclosure of classified information, which the Second Circuit determined is sourced in the common-law privilege against the disclosure of state secrets. *See id.* at 78. The Second Circuit has explained that the state secrets "privilege 'allows the government to withhold information from discovery when disclosure would be inimical to national security.'" *Id.* at 78-79 (quoting *Zuckerbraum v. Gen. Dynamics Corp.*, 935 F.2d 544, 546 (2d Cir. 1991)). That privilege, the *Aref* court observed, can only be invoked by the "head of the department which has control over the matter, after actual personal consideration by that officer." *Id.* at 80 (internal citations and quotation marks omitted); *see United States v. Zubaydah*, 142 S. Ct. 959, 967 (2022).

*Third*, where the Government's common-law privilege has been invoked, the Court determines whether that privilege must give way. *See Aref*, 533 F.3d at 80. This includes consideration of whether the classified material that the Government proposes to delete from discovery (or to produce in summary form) is both "relevant and helpful" to the defense. *See id.* at 79-80. Material that is not "relevant and helpful" can typically be deleted under Section 4. The "relevant and helpful" standard was first articulated by the Supreme Court in *United States v. Roviaro*, 353 U.S. 53 (1957), a case that concerned the privilege that permits the Government, in certain circumstances, to withhold the identity of its informants.

Section 5: Notice from the Defendant

Pursuant to Section 5 of CIPA, a defendant who reasonably expects to disclose (or cause the disclosure of) classified information at any stage of a prosecution is required to file notice of such intention. *See* 18 U.S.C. app. 3 § 5(a). Such information might include classified information that the defense has learned through the discovery process, or classified information that is known to the defendant himself. The Section 5 notice must "include a brief description of the classified information," *id.*, and "must be particularized, setting forth specifically the classified information which the defendant reasonably believes to be necessary to his defense." *Collins*, 720 F.2d at 1199.

If the defendant fails to provide a timely and adequately detailed notice sufficiently in advance of trial to permit the implementation of CIPA procedures, Section 5(b) provides for preclusion. *See United States v. Badia*, 827 F.2d 1458, 1465 (11th Cir. 1987). Similarly, if the defense attempts to disclose at trial classified information which is not described in their Section 5(a) notice, preclusion is the appropriate remedy prescribed by Section 5(b). *See United States v. Smith*, 780 F.2d 1102, 1105 (4th Cir. 1985) ("A defendant is forbidden from disclosing any such information absent the giving of notice.").

Section 6: Hearings and Substitutions

If the defense gives notice of intention to disclose (or cause the disclosure of) classified information pursuant to Section 5, the Government may file a response, pursuant to Section 6(a)

of CIPA, addressing the admissibility of any classified information identified in the notice. The Court must then hold an *in camera* hearing to "make all determinations concerning the use, relevance or admissibility of classified information that would otherwise be made during the trial or pretrial proceedings" pursuant to the standards of the Federal Rules of Evidence and issue a written order documenting its findings. *See United States v. Miller*, 874 F2d 1255, 1276-77 (9th Cir. 1989); *see also* 18 U.S.C. app. 3 § 6(a). At the hearing, the defense must proffer why the classified information that they seek to disclose is relevant, while the Government is given an opportunity to challenge the request on various grounds—including, for example, the materiality and admissibility of the proposed information. *See, e.g.*, *United States v. Cardoen*, 898 F. Supp. 1563, 1581 (S.D. Fla. 1995); *United States v. Rezaq*, 899 F. Supp. 697, 704 (D.D.C. 1995). Following any such hearing, "[a]s to each item of classified information, the court shall set forth in writing the basis for its determination." *See* 18 U.S.C. App. 3 § 6(a).

Following the Court's written ruling on a motion by the Government pursuant to CIPA Section 6(a), to the extent the Court authorizes the defense to disclose any classified information at trial, the Government is then entitled pursuant to CIPA Section 6(c) to request that "in lieu of such specific classified information," the Court order substitutions of that classified information. *See* 18 U.S.C. App. 3 § 6(c). CIPA directs that the Court shall grant such an application from the Government if the Court "finds that the statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." *Id.*

Section 7: Interlocutory Appeals

CIPA Section 7 gives the Government the right to pursue an interlocutory appeal of an adverse CIPA decision. *See* 18 U.S.C. app. 3 § 7.

## II.  Request for a Pretrial Conference Pursuant to CIPA Section 2

The Government respectfully requests, based on the reasons set forth above, that the Court schedule a classified, *ex parte* conference pursuant to CIPA Section 2. At the conference, the Government expects to provide the Court with information regarding the nature of anticipated CIPA practice in this case, and to answer any preliminary questions the Court may have. Because the Government intends to discuss certain classified information at that conference, and consistent with the case law discussed above authorizing this practice, the Government requests that the conference be held *ex parte* and in a secure courtroom.

The Government is available to hold a Section 2 conference at a time convenient to the Court. Our expectation is that—consistent with other cases in this district involving classified information—the CIPA process outlined above generally can occur in parallel to the production of unclassified discovery and standard pretrial motion practice. But because the schedule for CIPA

practice may inform the overall schedule for other events in the case, the Government respectfully requests that the Court hold the Section 2 conference before finalizing a trial schedule in this case.

                  Respectfully submitted,

                  DAMIAN WILLIAMS
                  United States Attorney


          by:  /s/
                  Celia V. Cohen
                  Andrew Rohrbach
                  Hagan Scotten
                  Derek Wikstrom
                  Assistant United States Attorneys
                  (914) 993-1946 / (212) 637-1944 / 2410 / 1085

Cc:    Defense Counsel (by ECF)
        Court Information Security Officers (by Email)