UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ERIC ADAMS,<br><br>                    Defendant. | 24-CR-556 (DEH)<br><br>**SCHEDULING ORDER** |

DALE E. HO, United States District Judge:

On October 2, 2024, an Initial Pretrial Conference was held in this matter. The Court issues this Order to memorialize the deadlines set forth during the Conference. *See generally* Initial Conference Tr. ("Tr."), ECF No. 31. As Ordered during the Conference:

- The Government's Oppositions to Defendant's Motion to Dismiss Count V of the Indictment and to Defendant's Motion for an Evidentiary Hearing are due on **October 18, 2024**. Replies are due on **October 25, 2024.**

- Oral Argument will be held on the Motions on **November 1, 2024, at 2:00 p.m. E.T.**, if necessary.[1]

- Discovery shall be produced by **December 4, 2024.**

- A Status Conference shall be held on **December 13, 2024, at 2:00 p.m. E.T.**

- Any further motions are due on **December 18, 2024.** Oppositions are due on **January 6, 2025.** Replies are due on **January 13, 2025.**

- A Conference on any Post-Discovery Motions shall be held on **January 27, 2025,** if necessary.

For the reasons stated on the record during the Conference, time is excluded from calculation under the Speedy Trial Act through December 13, 2024. *See* Tr. 56:3-57:12.

---

[1] The Court will advise the parties prior to the hearing if argument on one or more of the motions is unnecessary.

1

As stated at the Conference, under 18 U.S.C. § 3161(h), time "shall be excluded" from the date of the filing of Defendant's Motion to Dismiss on September 30, 2024, through full briefing, hearing, and the Court's prompt resolution of the motion. *See id.* § 3161(h)(1)(D) (excluding time "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); *see also* § 3161(h)(1)(H) (excluding time for a period "not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."). *See* Tr. 56:3-10.

Furthermore, for the reasons stated on the record, the Court found that the ends of justice served by excluding time from calculation under the Speedy Trial Act through December 13, 2024, outweigh the public and the Defendant's interests in a speedy trial for several reasons. *See id.* at 56:11-57:12; 18 U.S.C. § 3161(h)(7)(A).

Most significantly, the exclusion of time will enable the production and review of discovery, and will also allow Defendant to consider and prepare any related motions arising from those materials. As noted during the Conference, discovery in this case "is extensive." Tr. 15:2; *see also id.* at 14-21; 56:11-21. The Indictment alleges a conspiracy spanning approximately nine years, *see* Indictment ¶ 51, ECF No. 2, and the Government represented at the Conference that discovery materials date back to at least 2017, *see* Tr. 16:5-17. Furthermore, the nature of the discovery will likely pose logistical challenges for the parties, as it includes materials such as: (1) communications, such as texts, emails, and calendar entries, *see id.* at 15:6-21; (2) business records, such as bank credits, credit card records, telephone records, *see id.* at 16:5-17; (3) government records, such as campaign filings and ethics training materials, *see id.* at 17:2-13; and (4) electronic records such as GPS data, photographs, and voice memos, *see id.* at 17:14-21. Some of these materials are in a foreign language, Turkish, requiring translation, *see id.* at 15:22-16:4, 17:17-21. And some materials may include classified records under the Classified Information

Procedures Act ("CIPA"), requiring clearances for counsel and court staff, *see id.* at 32:5-20, which brings an additional layer of complication. Finally, the Government also notes that Defendant's personal cell phone, which was seized in November 2023, presents an additional challenge insofar as it remains locked and cannot be produced to Defendant until it is unlocked. *See id.* at 20:11-22:14.

In light of these challenges, the Court ordered that discovery be produced on a rolling basis, with a completion date of December 4, 2024, which is approximately two months after the Initial Conference. That schedule is consistent with cases of similar complexity involving similar subject matter. *See United States. v. Menendez*, No. 23 Cr. 490, ECF No. 39 (S.D.N.Y. Oct. 2, 2023) (ordering completion of discovery approximately by December 4, approximately two months after initial conference, and excluding time from Speedy Trial Act calculation); *United States v. Benjamin*, No. 21 Cr. 706, Tr. 3:11-4:4, 8:6-20, ECF No. 42 (S.D.N.Y. Apr. 18, 2022) (anticipating completion of discovery in approximately five weeks and excluding time from Speedy Trial Act calculation).

The exclusion of time is further supported by the Court's finding that this is a "complex" criminal case within the meaning of 18 U.S.C. § 3161(h)(7)(B). A designation of complexity is warranted in light of the discovery issues described above, *see* Tr. 53:10-19, 56:11-20, as well as the novel legal issues presented in Defendant's pending motion, *see id.* at 56:21-23.[2]

---

[2] In arguing against the exclusion of time, Defendant cited two cases during the Conference, both of which are inapposite. *United States v. Moreno*, 789 F.3d 72 (2d Cir. 2015), *see* Tr. 10:10, did not hold, as Defendant argued, that tolling of the speedy trial clock is stopped by the mere filing of a motion alleging government misconduct. *See* Tr. 6:9-13. *Moreno* simply observed that "delay stemming from deliberate government misconduct weighs heavily in favor of finding a violation" of the Sixth Amendment's guarantee of a right to a speedy trial. *Moreno*, 789 F.3d at 79. But that point is inapplicable here, as there is no indication here that the approximately two months that the Government sought for the production of discovery is in any way attributable to "misconduct" of any kind, rather than the inevitable product of the various complex discovery issues described above. Indeed, Defense Counsel did not object to the discovery production timeline during the

In sum, time is excluded from calculation under the Speedy Trial Act from the filing of Defendant's motion to dismiss through prompt resolution of that motion. 18 U.S.C. § 3161(h)(1)(D), (H). Time is further excluded through December 13, 2024 based on the Court's findings on the record during the Conference that the case is complex and that the ends of justice served by the exclusion of such time outweigh the public and the Defendant's interests in a speedy trial because it will provide time for the production of discovery and review of such discovery by Defendant; will provide time for Defendant to consider and prepare any motions; and will serve to ensure effective assistance of counsel and prevent any miscarriage of justice. 18 U.S.C. § 3161(h)(7)(A), (B).

SO ORDERED.

Dated: October 8, 2024
New York, New York

DALE E. HO
United States District Judge

---

Initial Conference. *See* Tr. 26:13-15 (Defense counsel stating he does not "have a problem with completion of discovery on December 4th."). *Cf. United States v. Abdur-Rahman*, No. 09 Cr. 442, May 19, 2009 Tr. 16:4-14, ECF No. 57 (S.D.N.Y. Nov. 22, 2013) (excluding time over defendant's objection "due to the government's need to complete its production of discovery to the defendant and the defendant's need to review that discovery in order to decide what motions, if any, to make"), *aff'd United States v. Abdur-Rahman*, 512 F. App'x 1, 5 (2d Cir. 2013), *as amended* (Mar. 13, 2013).

As for *United States v. Gambino*, 59 F.3d 353 (2d Cir. 1995), *see* Tr. 55:14-19, that is inapposite as well. There, the Second Circuit declined to exclude time where "a trial judge postpon[ed] an evidentiary hearing" on the defendant's motion "until the conclusion of the case in chief." *Id.* at 359. That is obviously not the case here.