

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 5, 2024

**BY ECF**
The Honorable Dale E. Ho
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *United States v. Eric Adams*, 24 Cr. 556 (DEH)

Dear Judge Ho:

  The Government respectfully submits this response to the defendant's letter of November 4, 2024 (Dkt. 50), addressing *United States v. Starks*, 24 Cr. 126 (JLR), 2024 WL 4528169 (S.D.N.Y. Oct. 18, 2024). For the reasons set forth below, *Starks* and an additional authority in Adams's letter further support the grand jury's determination that Adams should face trial for bribery.

  Contrary to Adams's assertion, *Starks* bears on several contentions raised by the defendant here. *Starks* rejects the argument that an indictment expressly alleging bribes can be reconstrued to allege gratuities. (*Compare* Dkt. 14 at 1, 14 *with Starks*, 2024 WL 4528169 at *3). *Starks* also makes clear that under Second Circuit precedent "'in exchange for' connotes an 'unambiguous agreement to exchange an official public act . . . *for* financial contributions," *Starks*, 2024 WL 4528169 at *3 (quoting *United States v. Benjamin*, 95 F.4th 60, 74 (2d Cir. 2024) (emphasis added by *Starks*)) in contravention of Adams's claim that the Indictment fails to allege such an exchange. (*See, e.g.*, Dkt. 41 at 7). And *Starks* more generally represents another example of the principle that a bribery count which alleges the elements of 18 U.S.C. § 666(a)(1)(B) and alerts the defendant to the nature of his crime cannot be dismissed based on the defendant's attempt to use selected excerpts to de-construct the indictment's factual allegations. (*Compare* Dkt. 41 at 6-9 *with Starks*, 2024 WL 4528169 at *3-*4).

  Moreover, Adams's letter further underscores the point that he cannot obtain dismissal of a bribery charge by claiming that the Indictment fails to allege everything that the Government may need to prove at trial. In his first new citation, the court denied a motion to dismiss, rejecting the argument that the charges fell into the narrow category where the indictment must "go beyond the statutory text." *United States v. Ragano*, 24 Cr. 50 (HG), 2024 WL 3302673, at *3 n.6 (E.D.N.Y. July 3, 2024) (cited at Dkt. 50 n.1). Adams's letter thus highlights that his motion did not identify any case dismissing any bribery count on any of the theories he advances. To choose just one more case—which the parties and the Court have already discussed—there was also a motion to dismiss the bribery allegations in *United States v. Skelos*. In *Starks*, Judge Rochon relied on the district court's refusal to dismiss those counts. *See Starks*, 2024 WL 4528169 at *2, *3

(citing *United States v. Skelos*, No. 15 Cr. 317 (KMW), 2015 WL 6159326, at *1, *2 (S.D.N.Y. Oct. 20, 2015)). Equally illustrative is how the Circuit handled that claim on appeal: Rejecting the approach Adams now demands, the Circuit noted that "[t]he language in an indictment is not required to be as precise as the attendant jury charge, nor is it required to delineate how the government will prove the elements set forth in the indictment." *United States v. Skelos*, 988 F.3d 645, 659 (2d Cir. 2021).

As the Court's questions at argument showed, this case will eventually require applying the evolving case law of bribery to the evidence against the defendant. Adams's current arguments on that score are wrong. (*See* Dkt. 38 at 10-25). But at this stage, it suffices to note that they are premature. The Indictment does not contain all the evidence the Government will present at trial, nor has the Government made a full proffer of that evidence, and so it is neither possible nor practical for the Court to fully assess how the law should be applied to the facts of this case. *See United States v. Alfonso*, 143 F.3d 772, 776-77 (2d Cir. 1998) (cited in Dkt. 38 at 5) (sufficiency of the evidence cannot be reviewed at the motion to dismiss state "[u]nless the government has made what can fairly be described as a full proffer of the evidence . . . ."). Because Count Five plainly charges Adams with all the elements of soliciting and accepting bribes, and provides more than sufficient detail for him to prepare his defense, Adams cannot escape trial on this Count. *See also, e.g.*, *Benjamin*, 95 F.4th at 66 (rejecting defendant's effort to obtain pretrial dismissal of bribery counts, an "extraordinary remedy reserved for only extremely limited circumstances").

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by:   /s/
      Celia V. Cohen
      Andrew Rohrbach
      Hagan Scotten
      Derek Wikstrom
      Assistant United States Attorneys
      (914) 993-1946 / (212) 637-1944 / 2410 / 1085

Cc:    Defense Counsel (by ECF)