

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 15, 2024

**BY ECF**
The Honorable Dale E. Ho
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Eric Adams*, 24 Cr. 556 (DEH)

Dear Judge Ho:

The Government respectfully submits this letter in response to the Court's order (Dkt. 56) to respond to defendant Eric Adams's motion to reconsider the trial date in this case (Dkt. 55). For the reasons set forth below, the Government requests additional time to determine its position with respect to Adams's request to waive CIPA practice and the possibility of reaching agreement on a workable schedule for pretrial deadlines to facilitate an April 1 trial date.

Adams's motion states that he "waives all discovery motions in this matter," and "waives access to all CIPA discovery," in order to facilitate a trial date of April 1, 2025. (Dkt. 55 at 1). Ultimately, the Court will determine whether the defendant can in fact offer a knowing, voluntary, and binding waiver of any classified discovery.[1] Based on initial research, the Government is not aware of a case in which a defendant has waived CIPA practice outside of the context of a guilty plea. The Government is working to determine whether the law permits the waiver proposed by Adams and, if so, the appropriate form for such a waiver. Given the apparently novel nature of the defendant's proposed waiver, the Government requests that the Court provide additional time for the Government to reach such a determination. If the Government determines that such a waiver is legally possible, we will then seek to meet and confer with the defendant's counsel to determine whether the parties can agree on the form of any such waiver.

In addition to CIPA practice, the trial date set by the Court was also intended to account for various other complexities in the case—including the defense's need to review discovery, make appropriate motions, and prepare for trial. (*See* Dkt. 57 at 60-62 (Court explaining its reasoning in setting the trial date, and noting that it was "hard…to envision" a schedule substantially shorter than the schedules in three prior public corruption cases, two of which did not include CIPA practice)). Therefore, in addition to its evaluation of Adams's waiver proposal, the Government

---

[1] The defendant has also offered to waive "all discovery motions." (Dkt. 55). But the defendant can waive those motions simply by not filing them—unlike CIPA, where the Government and the Court would typically take steps before the defendant's involvement.

has attempted to meet and confer with Adams's counsel to determine whether a pretrial schedule could be devised that would allow for an April 1, 2025 trial and appropriately account for the disclosure of *Giglio* and Jencks Act material, motions *in limine*, expert disclosures, disclosure of evidence offered under Federal Rule of Evidence 404(b), exchange of both parties' exhibits and witness lists, possible stipulations, and disclosure of statements of potential defense witnesses under Federal Rule of Criminal Procedure 26.2, among other things.

Unfortunately, these efforts have reached an impasse. According to Adams, any pretrial schedule would need to account for the disclosure of all *Giglio* material by December 4, 2024, which, he asserted, this Court had directed when stating, "I'll order that discovery be produced by December 4th." (Dkt. 31 at 26). But a court's order to produce "discovery" in this District typically refers to discovery under Federal Rule of Criminal Procedure 16, not *Giglio* material or other witness statements.[2] That practice prevails, in part, because the Second Circuit has held that "as a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). *Giglio* material in particular need only be produced "in sufficient time that the defendant will have a reasonable opportunity to act upon the information efficaciously." *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007); *see also* Dkt. 25. Following these cases, the Government typically agrees to produce impeachment material simultaneously with Jencks Act material, shortly before trial. When the Government offers such an agreement—as it intends to do in this case—courts in this District typically deny motions for the early disclosure of *Giglio* materials. *See, e.g.*, *United States v. Segovia-Landa*, No. 20 Cr. 87 (JPO), 2021 WL 1966117, at *5 (S.D.N.Y. May 17, 2021) ("[T]he Government has represented that it will produce impeachment material at the same time as Jencks Act material: 'shortly before the beginning of trial, or, if additional time is reasonably required to review such material, sufficiently in advance of the witness's testimony so as to avoid any delay at trial.' This representation likewise makes early disclosure unnecessary." (internal citation omitted)); *United States v. Wey*, No. 15 Cr. 611 (AJN), 2017 WL 237651, at *23 (S.D.N.Y. Jan. 18, 2017) ("[I]t is a widely recognized customary practice in this District that *Giglio* material is turned over at the same time as material under the Jencks Act . . . . Both types of material are typically produced a week or two before the start of trial, depending on the complexity of the case." (internal quotation marks and citation omitted)); *United States v. Noble*, No. 07 Cr. 284 (RJS), 2008 WL 1990707, at *9 (S.D.N.Y. May 7, 2008) (denying request for early disclosure of *Giglio* material where the Government agreed to turn over such materials the Friday before trial); *see also United States v. Menendez*, No. 23 Cr. 490 (SHS), Dkt. 197 (S.D.N.Y. Feb. 23, 2024) (denying defense motion for order setting deadline of Jencks Act and *Giglio* material and Government exhibits two months before scheduled trial date); *id.* at Dkt. 247 (S.D.N.Y. Mar. 11, 2024) (ordering production of Jencks Act material, among other things, three weeks before scheduled trial date).

Adams has been aware that the Government understood this Court to have ordered "discovery" in the usual sense for some time: On October 14, 2024, Adams wrote the Government, demanding the prompt production of *Giglio* materials—a letter that would seem superfluous if

---

[2] The Government recognizes, and is complying with, its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and has not delayed the production of information those obligations require the Government to produce.

Adams believed the Court had already ordered that. The Government responded on October 21, 2024, setting forth its position that—consistent with the established law and standard practice in this District, discussed above—*Giglio* material was appropriately produced shortly before trial, at the same time as witness statements required to be produced under the Jencks Act. At least two courts in this Circuit have previously rejected counsel's similar attempts to obtain early production of *Giglio* material, in one instance by re-construing a court order on the same subject. *See United States v. Owens*, 18 Cr. 693 (RMB), Dkt. 141 (S.D.N.Y. Nov. 8, 2019) (defendant claiming that court had ordered disclosure of certain co-conspirator *Giglio* and Jencks Act material well in advance of trial); *id.* at Dkt. 140 (Government explaining that Court had not issued such an order, which would be inconsistent with established law and practice in this District); *id.* at Dkt. 141 (court's memo endorsement explaining that Government's understanding was correct); *see also United States v. Nordlicht*, No. 16 Cr. 640 (BMC), 2017 WL 4797829, at *2 (E.D.N.Y. Oct. 23, 2017) (rejecting motion for earlier production of *Giglio* material, separate and apart from the Government's "disclosures in discovery," by current counsel for Adams).

The Government therefore respectfully requests that the Court confirm that its prior order used the term "discovery" in the usual sense (*i.e.*, Rule 16 discovery), which will allow the parties to then meet and confer with respect to the pretrial scheduling matters not yet decided by the Court, with the goal of reaching agreement on a schedule to jointly propose to the Court. After such discussions, the Government will be able to provide the Court with a more helpful response regarding whether an April 1, 2025 trial date is logistically feasible.

\* \* \*

For the foregoing reasons, the Government respectfully requests that the Court (1) confirm that its prior order concerning production of discovery referred to the production of materials pursuant to Rule 16 and did not have the unusual meaning Adams now ascribes to it; (2) adjourn the Government's further response to Adams's motion for reconsideration of the trial date until one week from the date of such confirmation; and (3) order the parties to meet and confer with respect to (a) the feasibility of a pretrial schedule for an April 1, 2025 trial date, and (b) the form of any necessary and permissible waivers needed to accomplish such a date.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: \_\_/s/_____
Celia V. Cohen
Andrew Rohrbach
Hagan Scotten
Derek Wikstrom
Assistant United States Attorneys
(914) 993-1946 / (212) 637-1944 / 2410 / 1085

Cc: Defense Counsel (by ECF)