

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 27, 2024

**BY ECF**
The Honorable Dale E. Ho
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *United States v. Eric Adams*, 24 Cr. 556 (DEH)

Dear Judge Ho:

  Pursuant to the Court's November 20, 2024 order (Dkt. 63), the parties respectfully submit this joint letter.

**Government Position**

  As set forth herein, the parties have reached agreement on nearly every pretrial date applicable to the existing April 21, 2025 trial date, but because the defendant is no longer committing to waiving CIPA practice, have not reached agreement on a pretrial schedule for any earlier trial date.

  After hearing from the parties, the Court set an April 21, 2025 trial date for this matter based in part on the time needed for CIPA practice, and also set a schedule for CIPA practice. (11/1/2024 Dkt. Entry; Dkt. 62). On November 11, 2024, the defendant moved for reconsideration of the trial date on the grounds that he "waives all discovery motions in this matter" and "waives access to all CIPA discovery—both in the interest of time and in the interest of having a trial that is fully open to the public." (Dkt. 55). The Court subsequently directed the parties "to meet and confer with respect to: (a) the feasibility of a pretrial schedule for an April 1, 2025, trial date, including but not limited to deadlines for expert disclosures, the production of *Giglio* and Jencks Act materials, and motions *in limine*; and (b) the form of any necessary and permissible waivers needed for an April 1, 2025, start of trial" and to submit a joint letter regarding the same. (Dkt. 63).

  The parties exchanged proposed pretrial schedules and had phone calls on November 25 and 26, 2024. As detailed in the chart below, based on those exchanges, the parties were able to agree on every pretrial date applicable to the existing April 21, 2025 trial date, except for mutual disclosure of witness lists, exhibits, witness statements, and *Giglio* material.

| Event | Date |
|---|---|
| Defense discovery motions, if any | December 18 (previously ordered) |
| Conference | December 20 (previously ordered) |
| Defense Rule 16 disclosures; Gov't opposition to defense discovery motions, if any | January 6 (previously ordered) |
| Defense reply in support of discovery motions, if any | January 16 |
| Gov't CIPA Section 4 Brief | January 17 (previously ordered) |
| Argument on defense discovery motions, if any | January 20 (week of) (previously ordered) |
| CIPA Section 4 hearing(s) | January 27 (week of) (previously ordered) |
| Gov't expert disclosures | February 3 |
| Defense expert disclosures | February 10 |
| Defense CIPA Section 5 filing, if any | February 14 (previously ordered) |
| Gov't CIPA Section 5 objections, if any | February 21 (previously ordered) |
| Defense CIPA Section 5 reply, if any | February 28 (previously ordered) |
| Motions *in limine* ("MIL"), Rule 404(b) disclosure | February 28 |
| Gov't CIPA Section 6 motion, if any | March 14 (previously ordered) |
| MIL oppositions | March 14 |
| Defense CIPA Section 6 objections, if any | Mach 21 (previously ordered) |
| MIL argument | March 24 (week of) |

| Witness lists, exhibits, witness statements,[1] and *Giglio* material | **Gov't Proposal**<br>• Mutual exchange on April 14<br><br>**Defense Proposal**<br>• Gov't production of *Giglio* material and mutual exchange of witness statements February 24<br>• Mutual exchange of witness lists and exhibits March 24 |
|---|---|
| Gov't CIPA Section 6 reply, if any | March 28 (previously ordered) |
| CIPA Section 6 hearing, if any | April 7 (week of) (previously ordered) |
| Requests to Charge | April 7 |
| **Trial** | **April 21** |

*Witness Statements and Giglio Material*

As the Court noted just last week, in this District, disclosure of witness statements and *Giglio* material has been ordered "only days before trial in cases of similar complexity as this one." (Dkt. 63 at n.2). The defendant asks for an exceptional eight weeks based on factors that are in no way unique to this case and without explaining what foreign investigative steps they might take that are not reasonably available to them right now. Indeed, even in *United States v. Menendez*, 23 Cr. 490 (SHS), which involved a multi-year investigation, multiple defendants, far reaching and varied criminal conduct, and the prospect of necessary overseas investigation, the court ordered that witness statements and *Giglio* be disclosed only three weeks before trial. *See id.* at Dkt. 197 (S.D.N.Y. Feb. 23, 2024) (denying defense motion for order setting deadline of Jencks Act and *Giglio* material and Government exhibits two months before scheduled trial date); *id.* at Dkt. 247 (S.D.N.Y. Mar. 11, 2024) (ordering production of Jencks Act material, among other things, three weeks before scheduled trial date). As noted above, witness statements are not in fact subject to disclosure until after a witness testifies; nonetheless, the Government recognizes the efficiency of mutual pretrial disclosures and has sought to negotiate a reasonable compromise. The Government respectfully submits that eight weeks is not reasonable and that the defendant has failed to justify such a dramatic departure from District practice.

---

[1] The rules requiring the provision of witness statements other than *Giglio* material do not require disclosure until after the witness's testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2. But to ensure an efficient trial, and to avoid the unnecessary parsing of which witness statements do or do not constitute *Giglio*, the parties intend to voluntarily exchange all witness statements on whatever date the Court sets for provision of *Giglio* material.

*CIPA Waiver and Trial Schedule*

With respect to the defendant's proposed CIPA waiver, the Government has found no authority squarely precluding a defendant from waiving CIPA practice and any attendant disclosures. Accordingly, on November 26, 2024, the Government sent the defense a proposed written waiver and oral allocution (in the form of questions to be posed to the defendant by the Court) that it believes would be necessary to effect a knowing and voluntary waiver. For the Court's consideration, those materials are attached to this letter as Exhibit A. Furthermore, in order for such a waiver to in fact shorten the time necessary to proceed to trial, it would have to be entered as soon as practicable, possibly within the next week, in light of the CIPA schedule.

During our meet-and-confers this week, the defense told the Government, however, that they are no longer certain the defendant wishes to waive CIPA practice. And now in this letter, the defense has made clear they are instead asking the Court for an earlier trial date that also includes CIPA practice. The Government opposes this request, including because, as the Court has already found, April 21, 2025 is the earliest practicable trial date if there is to be CIPA practice. Indeed, as it has previously indicated, the Government is not confident that it can complete CIPA practice even under the current timeline, but is making every effort to do so, and will request an adjournment only if it determines that doing so is impossible. In light of the defendant's apparent withdrawal of his stated intention to waive CIPA practice, the Government has not engaged with the defense on a schedule for any trial date other than April 21, 2025.

The defense's justification for an April 1, 2025 trial date that includes CIPA practice—that perhaps there will not be Section 5 and Section 6 litigation—is untenable. Unless and until the Court makes a Section 4 ruling, no one can know whether there will be Section 5 and Section 6 litigation. The Court has made clear its desire to set a trial date that is not wholly aspirational and is instead one that all parties can rely on. Moreover, to the extent the defense believes there will be a "lull" if there is no Section 5 and Section 6 litigation, the parties' jointly proposed April 21, 2025 schedule involves motions *in limine* litigation through the end of March, with the Court's rulings presumably to come some time thereafter. There is nothing atypical about that, and it is hardly an unproductive "lull."

Mr. Perry and Mr. Burck's potential unavailability is likewise not a justification to reconsider the trial date. "The accused does not have the absolute right to counsel of [his] own choosing." *United States v. Locascio*, 6 F.3d 924, 931 (2d Cir. 1993). And in any event, there has been no suggestion that the defendant's primary counsel, Mr. Spiro, is available. He assuredly will be supported by some of the over 1,000 attorneys at Quinn Emanuel Urquhart & Sullivan, LLP.

Finally, to the extent the defense's request is premised on the mayoral primary election, the Court already accounted for those dates when it set the April 21, 2025 trial date.

The Court should adhere to the trial date and CIPA schedule that it already set and should deny the defendant's motion for reconsideration.

**Defense Proposal**

If the Court maintains the current trial date of April 21, Mayor Adams proposes a schedule largely consistent with the government's proposal. The only significant difference is that the defense requests the disclosure of *Giglio* and 3500 materials eight weeks before trial (on February 24). There is precedent for comparable disclosure deadlines in complex cases in this District. *See United States v. Javice*, No. 23 Cr. 251 (AKH), ECF No. 163 (S.D.N.Y. Sept. 24, 2024) (ordering production of 3500 material eight weeks before trial); *United States v. Maxwell*, No. 20 Cr. 330 (AJN), ECF No. 297 at 1 (S.D.N.Y. June 2, 2021) (seven weeks before trial); *United States v. Hwang*, No. 22 Cr. 240 (AKH), ECF No. 141 (S.D.N.Y. Jan 23, 2024) (six weeks before trial); *United States v. Seabrook*, No. 10 Cr. 87 (RAP), Sept. 23, 2011 Min. Entry (S.D.N.Y. Sept. 23, 2011) (six weeks in public corruption case). Moreover, given the length of the government's investigation here (3+ years), the almost certain need for the Mayor's counsel to obtain evidence from overseas to investigate claims made by government witnesses, the likely number of witnesses, the likely number of times those witnesses have been interviewed by the government, and the undisputed existence of internally contradictory statements by at least the government's main cooperator, a disclosure deadline eight weeks before trial is the minimum amount of time that will allow the Mayor's counsel to prepare effectively for trial.[2]

That said, Mayor Adams maintains his request for an earlier trial date. In addition to the legitimate interest of the Mayor and the voting public in a resolution of this matter ahead of the primary season, two key members of the Mayor's defense team—William Burck and Avi Perry—are already scheduled to start trial on May 6 before the Honorable Trevor McFadden in the U.S. District Court for the District of Columbia in *United States v. Kim*, No. 24 Cr. 265 (TNM). The trial date in *Kim* was scheduled before Mayor Adams was indicted. In a status conference in *Kim* last Friday (November 22), Mr. Burck alerted Judge McFadden to the conflicting trial dates and sought a new trial schedule in *Kim*. Denying the request, Judge McFadden ordered that the May 6 start date in *Kim* would not change. *See* Nov. 22, 2024 Hr'g Tr. 15:15-21 ("[W]e picked this trial first. . . . I'm not likely to be moving this trial date on th[e] basis" of the Mayor Adams trial).

Mayor Adams should not be forced to compromise his right to counsel of his choosing, his right to a speedy trial, or his right to potentially exculpatory evidence—certainly not to accommodate the government's schedule, when it was the government who chose when to seek an indictment. While Mayor Adams remains willing to waive his right to the CIPA process if necessary to preserve his other rights, he should not be in a position where he has to make this choice.

The schedule proposed above contemplates an April 21 trial date but has a clear lull between April 7 and April 21. It would require only minor adjustments to push up the trial's start date by just under three weeks (April 1)—even *if* ultimately there is any CIPA motion practice—as set forth in the schedule proposed below. Unfortunately, during a planned meet-and-confer yesterday (November 26), the government declined even to discuss this proposal. However, if the

---

[2] To the extent the Court considers the government's proposal for a shorter *Giglio* and 3500 material disclosure deadline, Mayor Adams respectfully requests oral argument before any schedule is entered.

Court is amenable to pushing up the trial's start date to April 1, the parties could prepare effectively for trial without requiring Mayor Adams to waive any rights.

## April 1 Trial Date

| Event | Date |
| --- | --- |
| Defense motions against discovery, if any | December 18 |
| Conference | December 20 |
| Defense Rule 16 disclosures; Gov't opposition to defense motions against discovery, if any | January 6 |
| Defense reply in support of motions against discovery, if any | January 16 |
| Gov't CIPA Section 4 brief | January 17 |
| Argument on defense motions, if any | January 20 (week of) |
| CIPA Section 4 hearing | January 27 (week of) |
| Gov't expert disclosures | February 3 |
| Giglio/3500 disclosures | February 3 |
| Defense expert disclosures | February 10 |
| Defense Section 5 filing, if any | February 14 |
| Gov't 404(b) disclosure | February 14 |
| Gov't CIPA Section 5 objections, if any | February 21 |
| Defense CIPA Section 5 reply, if any | February 25 |
| MILs, 404(b) disclosures | February 28 |
| Gov't CIPA Section 6 motion, if any | March 7 |
| MIL oppositions | March 14 |
| Defense Section 6 objections, if any | March 14 |
| Gov't Section 6 reply, if any | March 21 |

| | |
|---|---|
| MIL argument | March 21 |
| Gov't and Defense witness and exhibit lists | March 24 |
| CIPA Section 6 hearing, if any | March 24 |
| Requests to Charge | March 24 |
| **Trial** | **April 1** |

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: __/s/_____
Celia V. Cohen
Andrew Rohrbach
Hagan Scotten
Derek Wikstrom
Assistant United States Attorneys
(914) 993-1946 / (212) 637-1944 / 2410 / 1085

Cc:  Defense Counsel (by ECF)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC ADAMS,<br><br>            Defendant. | **WAIVER OF CLASSIFIED DISCOVERY**<br><br>24 Cr. 556 (DEH) |

Defendant Eric Adams, in consultation with counsel, and being advised of the nature of the charges pending against him and his rights, hereby waives his rights, if any, to receive any classified materials in discovery. The Defendant agrees that any classified materials that are potentially discoverable in this case are subject to a valid claim of the state-secrets privilege, and disclaims any request for such materials. The Defendant understands that, absent this waiver, the Government would potentially be required to either produce classified information pursuant to its obligations under Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963), Federal Rule of Criminal Procedure 5(f), *Giglio v. United States*, 405 U.S. 150 (1972), and 18 U.S.C. § 3500, or seek relief from any such obligations under Section 4 of the Classified Information Procedures Act ("CIPA"). The Defendant acknowledges that he has not received and will not receive any classified information in light of this waiver, and further acknowledges that, in reliance on this waiver, neither he nor the Government will undertake any CIPA practice in this case. The Defendant waives the right to all classified information, and agrees not to challenge any conviction or sentence, either on direct appeal or collaterally, on the ground that the Government failed to produce any classified information.

The defendant makes this waiver knowingly and voluntarily.

_____
Eric Adams
Defendant


_____
Alex Spiro, Esq.
Attorney for Defendant


Dated: New York, New York
       November ___, 2024

**Proposed Examination of Eric Adams**

I. <u>Questions to Establish Competence</u>

1. How old are you?

2. How far did you go in school?

3. Are you currently under the care of a doctor for any condition?

4. Have you within the last 24 hours taken any alcohol, drugs or pills of any kind?

5. Are you feeling well enough to proceed with this hearing today?

II. <u>The Waiver Form</u>

6. I have been handed a waiver form captioned Waiver of Classified Discovery. Did you sign this form? Is that your signature on the form?

7. Before you signed this form, did you read it?

8. Before you signed this form, did you discuss it with your counsel?

9. To the extent you had any questions about the form, did you discuss those questions with your counsel?

10. Standing here today, do you have any questions about the form?

11. Explain to me in your own words your understanding of the waiver in this form.

12. Is it your intention to make the waivers contained in the form?

III. <u>Questions to Establish Knowing and Voluntary Waiver</u>

13. Do you understand that the Government is obligated to produce various materials to you in connection with this case? Specifically:

14. Do you understand that Under Federal Rule of Criminal Procedure 16, the Government is required to produce to you any relevant oral or written statements that you have made? And that the Government is also required to produce to you all documents and objects that are material to preparing the defense, that the Government intends to use during its case at trial, or that were obtained from or belong to you?

15. Do you understand that under a case called *Brady v. Maryland*, and other cases interpreting it, as well as under the Federal Rules and an order issued by this Court, the Government is also obligated to produce to you evidence that is exculpatory as to

guilt or punishment, meaning evidence that would cast doubt on your guilt or would indicate you deserved lesser punishment?

16. Do you understand that under a case called *Giglio v. United States*, the Government will be required to produce to you information that could be used to impeach, or to challenge the credibility of, any Government witnesses at trial, or any person whose statements are offered against you?

17. Do you understand that the Government will be required to produce to you all relevant statements of Government witnesses, before you cross-examine any of those witnesses at trial?

18. Do you understand that the United States Government uses a system of classification to protect certain information in the Government's possession when the disclosure of that information could damage the national security?

19. Do you understand that all of the Government's disclosure obligations that I have just described apply even if discoverable information has been classified by the United States Government?

20. What that means is that if the Government is in possession of classified information that would be material to your defense, or that would be exculpatory, the Government would be required to produce that information to you even though it is classified, unless I issue a protective order relieving the Government of that obligation. Do you understand that?

21. There is a law called the Classified Information Procedures Act, sometimes referred to as "CIPA," which governs the management of potentially discoverable classified information in federal criminal cases. In this case, the Government has indicated that it intends to file a motion under Section 4 of CIPA. Section 4 of CIPA authorizes the Court to issue, on the Government's request, an order permitting the Government to withhold classified information that might otherwise be discoverable. Do you understand that?

22. Put another way, CIPA does not modify the Government's discovery obligations, so notwithstanding CIPA, if classified information would be discoverable, relevant and helpful to your defense, and would not be cumulative of other evidence being provided to you in discovery, the Government could potentially be obligated to produce it to you in some form despite its being classified. Do you understand that?

23. The Government has not yet filed its motion under CIPA Section 4, so the Court does not know what classified information, if any, might be discoverable in this case, or on what basis it might be discoverable. Do you understand that?

24. Your defense attorneys also do not know what classified information may or may not exist that could be discoverable in this case, do you understand that?

25. It is therefore possible that there is classified information in the Government's possession that would be helpful to you. Do you understand that?

26. The waiver you have signed is a waiver of your right to receive in discovery any information in the Government's possession that is classified, do you understand that?

27. The Government has indicated that it intends to rely on this waiver, meaning that if the Court accepts the waiver, the Government is not going to file any motion under CIPA, and is not going to produce any classified information to you, even if that information might be helpful to you. Do you understand that?

28. Is it still your wish to agree to the terms of the waiver you have signed?

29. Is it still your wish to waive your right to receive any information that is classified in connection with this case?

30. Are you aware that, if you are convicted, you will not be able to challenge any conviction or sentence in this case on appeal, or in what is known as a collateral challenge or habeas corpus proceeding, on the ground that the Government was required to produce any classified information and failed to do so?

31. Do you understand that an appellate court would take into account your waiver, and the Government's reliance on it, and hold that you have given up your right to complain of any problems relating to classified discovery?

32. Do you understand that you will not be able to withdraw your waiver, or to challenge it on appeal or collaterally, even if a superseding indictment were to be filed adding new charges, allegations, or defendants before your trial?

33. Likewise, do understand that you will not be able to withdraw your waiver, or to challenge it on appeal or collaterally, even if you learn something new about the Government's evidence or theory of the case after today?

34. Your attorneys have suggested that your waiver is motivated, at least in part, by your desire for an earlier trial. Do you understand that you will not be able to claim, on appeal or in a collateral challenge, that your waiver is invalid because it was motivated by your desire to change the timing of your trial?

35. Have you fully discussed this waiver with your counsel?

36. Are you satisfied with your counsel's representation of you?

37. Are you satisfied with your counsel's advice on this matter, notwithstanding that as we have discussed, your counsel does not know whether there is any specific classified discovery that would be produced to you absent this waiver?

38. Do you understand that you will not be able to challenge any conviction in this case on the basis that your counsel was ineffective for advising you about this waiver despite the possibility that they have incomplete information?

39. Did anyone force you, or threaten you, or promise you anything, in order to induce you to make this waiver?

40. Is there anything that the Court has said that you wish to have explained further?

41. Do you want any more time to consider whether to make this waiver?