

U.S. Department of Justice

*United States Attorney
Southern District of New York*

*The Jacob K. Javits Federal Building
26 Federal Plaza, 37th Floor
New York, New York 10278*

January 7, 2025

**BY ECF**
The Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Eric Adams*, 24 Cr. 556 (DEH)

Dear Judge Ho:

      The Government respectfully submits this letter opposing defendant Eric Adams's renewed motion for a hearing and sanctions based on alleged leaks of grand jury information. (Dkt. 82 (motion); Dkt. 83 (memorandum in support)). The motion should be denied.

      The foundation of Adams's motion is the allegation that a *New York Times* reporter called some other person to convey information about the purported identity of a grand jury witness and the questions that purported witness was supposedly asked in the grand jury. (Dkt. 83 at 2; Spiro Decl. ¶¶ 1-3).[1] Adams claims that "the only plausible source" of the *Times*'s information is the Government, based solely on the assertion that, "on information and belief," ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Dkt. 83 at 3; *see also* Spiro Decl. ¶ 5).

      The motion should be denied because even if the *Times* has learned the identity of a grand jury witness and questions that witness was asked in the grand jury—information that would constitute "a matter occurring before the grand jury," Fed. R. Crim. P. 6(e)(2)(B)—the defense has not met its burden to show either that the source of the information was the Government, or that Adams has been prejudiced. *E.g. United States v. Blaszczak*, No. 17 Cr. 357 (LAK), 2018 WL

---

[1] The factual basis for the motion was set forth in a declaration of defense counsel Alex Spiro, which is cited in this letter as the "Spiro Decl." and which was filed under seal with the Court's permission. (*See* Dkt. 85). Even in his sealed filings, the defendant has not identified either the reporter who conveyed the purported grand jury information or the person to whom it was conveyed. Nothing in this opposition is intended to either confirm or deny whether any particular witness testified in the grand jury. In this letter, the Government has redacted certain discussions of the sealed Spiro Declaration because they were redacted or sealed by the defense. But because the discussion of the factual basis for Adams's motion in this letter does not reveal any information protected by Federal Rule of Criminal Procedure 6(e), the Government does not believe that sealing or redaction of that discussion is not necessary.

1322192, at *3 (S.D.N.Y. Mar. 12, 2018) (identifying these as requirements to prevail on a motion based on alleged violations of Rule 6(e)).

*First*, there is no indication whatsoever—and certainly not a *prima facie* showing—that the *Times*'s information came from the Government. To date, the *Times* has not actually published an article on this topic, let alone one identifying a Government source, and the motion does not indicate that the *Times* reporter provided any information about sourcing to the unidentified person the defense spoke to. There is thus no reason to believe that the *Times* obtained its information from a Government source. *See, e.g.*, *United States v. Skelos*, 988 F.3d 645, 662 (2d Cir. 2021) (no *prima facie* showing where "media outlets only identified a 'government source' or '[l]aw enforcement sources,' not government investigators," as sources for reporting about occurrences before the grand jury). All the defense has said on this score is that "on information and belief," ███████████████████████████████████████ (Spiro Decl. ¶ 5). That is a thin reed for such a serious allegation. *Cf., e.g.*, *United States v. Fares*, 978 F.2d 52, 59 (2d Cir. 1992) (on selective-prosecution claim, "[m]ere assertions and generalized proffers on information and belief are insufficient" to warrant discovery). And it fails even on its own terms. The purported witness would have been free to discuss the fact and content of any testimony with anyone he or she chose. And so would any persons that purported witness spoke with, such as friends, family, or counsel. So even if the defense is right that the purported witness did not *directly* speak with the press—a fact the defense does not claim to actually know—their unsourced information-and-belief allegations do not exclude the possibility that the purported witness spoke to others, who in turn spoke to the press. On this record, there is no reason to believe the Government provided the press with any information subject to Rule 6(e).

*Second*, Adams has not shown prejudice. As the Court previously explained, "[t]he Second Circuit has stated that a defendant seeking a hearing must also show that they have been prejudiced by the disclosure of a matter before the grand jury." (Dkt. 49 at 2 n.4 (citing *United States v. Eisen*, 947 F.2d 246, 261 (2d Cir. 1992))). In the context of an alleged violation of Rule 6(e), the prejudice inquiry is a narrow one, focused on whether the disclosure of grand jury materials "substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." *United States v. Walters*, 910 F.3d 11, 23 (2d Cir. 2018). The defense has not identified any actual prejudice at all, let alone prejudice specific to the latest alleged leak. Instead, the defense claims that there is prejudice based on *prior* leaks. (*See* Dkt. 83 at 9 (alleging "continued leaks," and claiming that the recent press inquiry is "part and parcel of the extensive pre-indictment leaks")). But the Government has already explained why previous alleged leaks did not prejudice Adams. (Dkt. 38 at 20-23). And in any event, the Court has already rejected Adams's assertion that the Government was the source of prior alleged leaks. (Dkt. 49 at 4-5). Moreover, the only reason the purported grand jury information is even in the public sphere is because Adams filed the instant motion—to date, the

*Times* has not published the article the motion anticipates. There has been no prejudice here, and Adams's motion should be denied.

Respectfully Submitted,

EDWARD Y. KIM
Acting United States Attorney

by: _____/s/_____
Celia Cohen
Andrew Rohrbach
Hagan Scotten
Derek Wikstrom
Assistant United States Attorneys
(914) 993-1921 / (212) 637-1944 / 2410 / 1085

cc: Counsel of Record (by ECF)