UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                v.<br><br>ERIC ADAMS,<br>                      Defendant. | 24-CR-556 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

On December 19, 2024, the Government filed a letter motion "requesting that the Court direct counsel for the parties to comply with" Local Criminal Rule 23.1 ("Local Rule 23.1"). ECF No. 23.1. In its letter, the Government alleged that counsel for Defendant Eric Adams ("Defendant" or "Mayor Adams") has repeatedly violated Local Rule 23.1 via statements to the press concerning, *inter alia*, the merits of the case against Mayor Adams, the strength of the Government's evidence, the Government's motivation for prosecuting Mayor Adams, and the credibility of potential trial witnesses. *See id.* The Government also alleges that defense counsel provided non-public information to the press in violation of Local Rule 23.1. *See id.*

In response, on December 23, 2024, Mayor Adams's counsel filed an opposition accusing the Government of violating Local Rule 23.1. ECF No. 80. That letter alleges, *inter alia*, that statements by various government officials, including the former U.S. Attorney for the Southern District of New York and an assistant FBI director, made during press conferences and in press releases violated Local Rule 23.1. *See id.* The letter also renews Mayor Adams's claims that government attorneys and/or law enforcement personnel involved in this case have leaked information to the press in violation of Federal Rule of Criminal Procedure 6(e) ("Federal Rule

1

6(e)").[1]  *See id.*  The Government replied with a letter alleging a further Local Rule 23.1 violation by Mayor Adams's counsel.  *See* ECF No. 86.

At this juncture, the Court need not make a finding that either party has violated Local Rule 23.1 or Federal Rule 6(e).  Instead, the Court finds that an order underscoring the parties' existing responsibilities under both roles is appropriate.[2]  Counsel for both parties have indicated willingness to comply with Rule 23.1, and this Order simply memorializes that commitment, making clear the persons bound by and the statements prohibited by the rule.  To that end, it is hereby ORDERED that:

1. Assistant United States Attorneys and staff members working under their supervision or at their direction, and all local and federal law enforcement agents whom the Government has provided with access to grand jury materials, shall not disclose any grand jury material in violation of Federal Rule 6(e).  Furthermore, the Government, and all local and federal law enforcement agents assigned to this case or the related investigation, assisting with this case or the related investigation, or who have assisted with this case or the related investigation, shall comply with Local Rule 23.1.

2. Defendant, all attorneys for the Defendant, and any individuals working under the defendant's or the attorneys' supervision or at their direction (collectively, the "Defense") shall comply with Local Rule 23.1.

---

[1] After filing his opposition to the Government's letter motion, Mayor Adams filed a renewed motion for a hearing under Federal Rule of Criminal Procedure 6(e) with new allegations that the Government has disclosed grand jury information to the press.  *See* ECF Nos. 82 and 83.  An Opinion and Order regarding that motion will issue separately at a later date.

[2] This is not a "special order" as contemplated by Local Rule 23.1(h), which neither party has requested.

3. A copy of Local Rule 23.1 is attached to this Order. This Order, including the attachment, should be furnished to all local and federal law enforcement agents assigned to this case or the related investigation, assisting with this case or the related investigation, or who have assisted with this case or the related investigation. In addition, if it has not already done so, the Government shall notify agencies involved in this case of the obligations imposed on them by Local Rule 23.1 and Federal Rule 6(e).

4. The Court expects that the parties, and any individual or agency subject to this Order, will strictly adhere to the terms of this Order and the governing rules.

SO ORDERED.

The Clerk of Court is respectfully directed to terminate ECF No. 76.

Dated: January 11, 2025
New York, New York

DALE E. HO
United States District Judge

**Local Criminal Rule 23.1. Free Press — Fair Trial Directives**

(a) It is the duty of the lawyer or law firm, and of non-lawyer personnel employed by a lawyer's office or subject to a lawyer's supervision, private investigators acting under the supervision of a criminal defense lawyer, and government agents and police officers not to release or authorize the release of non-public information or opinion that a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which they are associated, if there is a substantial likelihood that the dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

(b) With respect to a grand jury or other pending investigation of any criminal matter, a lawyer participating in or associated with the investigation (including government lawyers and lawyers for targets, subjects, and witnesses in the investigation) shall refrain from making any extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication that goes beyond the public record or that is not necessary to inform the public that the investigation is underway, to describe the general scope of the investigation, to obtain assistance in the apprehension of a suspect, to warn the public of any dangers, or otherwise to aid in the investigation, if there is a substantial likelihood that the dissemination will interfere with a fair trial or otherwise prejudice the administration of justice.

(c) During a jury trial of any criminal matter, including the period of selection of the jury, no lawyer or law firm associated with the prosecution or defense shall give or authorize any extrajudicial statement or interview relating to the trial, the parties, or issues in the trial that a reasonable person would expect to be disseminated by means of public communication if there is a substantial likelihood that the dissemination will interfere with a fair trial; but the lawyer or the law firm may quote from or refer without comment to public records of the court in the case.

(d) Statements concerning the following subject matters presumptively involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice within the meaning of this rule:

    (1) The prior criminal record (including arrests, indictments, or other charges of crime), or the character or reputation of the accused, except that the lawyer or law firm may make a factual statement of the accused's name, age, residence, occupation, and family status; and if the accused has not been apprehended, a lawyer associated with the prosecution may release any information necessary to aid in the accused's apprehension or to warn the public of any dangers the accused may present;

    (2) The existence or contents of any confession, admission, or statement given by the accused, or the refusal or failure of the accused to make any statement;

    (3) The performance of any examinations or tests or the accused's refusal or failure to submit to an examination or test;

  (4) The identity, testimony, or credibility of prospective witnesses, except that the lawyer or law firm may announce the identity of the victim if the announcement is not otherwise prohibited by law;

  (5) The possibility of a plea of guilty to the offense charged or a lesser offense;

  (6) Information the lawyer or law firm knows is likely to be inadmissible at trial and would if disclosed create a substantial likelihood of prejudicing an impartial trial; and

  (7) Any opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case.

(e) Statements concerning the following subject matters presumptively do not involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice within the meaning of this rule:

  (1) An announcement, at the time of arrest, of the fact and circumstances of arrest (including time and place of arrest, resistance, pursuit, and use of weapons), the identity of the investigating and arresting officer or agency and the length of investigation;

  (2) An announcement, at the time of seizure, stating whether any items of physical evidence were seized and, if so, a description of the items seized (but not including any confession, admission, or statement);

  (3) The nature, substance, or text of the charge, including a brief description of the offense charged;

  (4) Quoting or referring without comment to public records of the court in the case;

  (5) An announcement of the scheduling or result of any stage in the judicial process, or an announcement that a matter is no longer under investigation;

  (6) A request for assistance in obtaining evidence; and

  (7) An announcement, without further comment, that the accused denies the charges, and a brief description of the nature of the defense.

(f) Nothing in this rule is intended to preclude the formulation or application of more restrictive rules relating to the release of information about juvenile or other offenders, to preclude the holding of hearings or the lawful issuance of reports by legislative, administrative, or investigative bodies, or to preclude any lawyer from replying to charges of misconduct that are publicly made against that lawyer.

(g) All court supporting personnel, including, among others, marshals, deputy marshals, court clerks, bailiffs, court reporters, and employees or sub-contractors retained by the court-appointed official reporters, are prohibited from disclosing to any person, without authorization by the court, information relating to a pending grand jury proceeding or criminal case that is not part of the public records of the court. The divulgence by such court supporting personnel of information concerning grand jury proceedings, in camera arguments, or hearings held in chambers or otherwise outside the presence of the public is also forbidden.

(h) The court, on motion of either party or on its own motion, may issue a special order governing matters such as extrajudicial statements by parties and witnesses likely to interfere with the rights of the accused to a fair trial by an impartial jury, the seating and conduct in the courtroom of spectators and news media representatives, the management and sequestration of jurors and witnesses, and any other matters that the court may deem appropriate. In determining whether to impose such a special order, the court must consider whether the order will be necessary to ensure an impartial jury and must find that other, less extreme available remedies, singly or collectively, are not feasible or would not effectively mitigate the pretrial publicity and bring about a fair trial. Among the alternative remedies to be considered are: change of venue, postponing the trial, a searching voir dire, emphatic jury instructions, and sequestration of jurors.

(i) Any lawyer who violates the terms of this rule may be disciplined under Local Civil Rule 1.5.