UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- against -<br><br>ERIC ADAMS,<br><br>    Defendant. | No. 24-CR-556 (DEH) |

**DEFENDANT ERIC ADAMS'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF HIS RENEWED MOTION FOR
AN EVIDENTIARY HEARING AND FOR SANCTIONS INCLUDING DISMISSAL**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................................1
ARGUMENT ...................................................................................................................................1
I.    MAYOR ADAMS HAS ESTABLISHED A *PRIMA FACIE* SHOWING OF A VIOLATION OF GRAND JURY SECRECY ..................................................................1
II.    MAYOR ADAMS HAS BEEN PREJUDICED ...............................................................6
CONCLUSION ................................................................................................................................8

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Barry v. United States*,
  865 F.2d 1317 (D.C. Cir. 1989) ..................................................................................... 1, 2

*In re Grand Jury Investigation*,
  610 F.2d 202 (5th Cir. 1980) ............................................................................................. 5

*In re Grand Jury Investigation (90-3-2)*,
  748 F. Supp. 1188 (E.D. Mich. 1990) ............................................................................... 2

*In re Sealed Case No. 98-3077*,
  151 F.3d 1059 (D.C. Cir. 1998) ........................................................................................ 2

*United States v. Flemmi*,
  233 F. Supp. 2d 113 (D. Mass. 2000) ................................................................................ 5

*United States v. Friedman*,
  854 F.2d 535 (2d Cir. 1988) .............................................................................................. 7

*United States v. Rioux*,
  97 F.3d 648 (2d Cir. 1996) ................................................................................................ 6

*United States v. Skelos*,
  No. 15 Cr. 317 (KMW), 2015 WL 6159326 (S.D.N.Y. Oct. 20, 2015) ............................. 2

*United States v. Walters*,
  910 F.3d 11 (2d Cir. 2018) ................................................................................................ 7

### Rules/Statutes

Fed. R. Crim. P. 6(e) ................................................................................................. 1, 2, 5, 7

### Other Authorities

Alex Meier, *'Additional criminal conduct' in NYC Mayor Adams' criminal case
  uncovered: filing*, FOX5 New York (Jan. 7, 2025),
  https://www.fox5ny.com/news/additional-criminal-conduct-nyc-mayor-
  adams-criminal-case-uncovered ....................................................................................... 6

Joe Anuta, *DOJ says Eric Adams committed additional crimes,* Politico (Jan. 7, 2025), https://www.politico.com/news/2025/01/07/doj-says-eric-adams-committed-additional-crimes-00196879 ..........................................................................................6

Luc Cohen, *Probe of New York Mayor Eric Adams uncovers more criminal conduct, prosecutors say*, Reuters (Jan. 7, 2025), https://www.reuters.com/legal/probe-new-york-mayor-eric-adams-uncovers-more-criminal-conduct-prosecutors-say-2025-01-07/ ................................................6

*New federal troubles brewing for NYC Mayor Eric Adams*, NBC4 New York (Jan. 7, 2025), https://www.nbcnewyork.com/news/new-federal-troubles-brewing-for-nyc-mayor-eric-adams/6098124/ ..........................................................................6

William K. Rashbaum & Dana Rubinstein, *Federal Grand Jury Has Heard More Evidence in Case Against Mayor Adams*, N.Y. Times (Jan. 10, 2025), https://www.nytimes.com/2025/01/10/nyregion/eric-adams-corruption-grand-jury.html ...............................................................................................................4

**PRELIMINARY STATEMENT**

The *New York Times* obtained confidential information about the identity of a witness who recently testified before a grand jury and about the substance of that witness's testimony. As the government must concede, *see* ECF No. 91 ("Opp.") at 1, that material is protected by Federal Rule of Criminal Procedure 6(e) and this Court's authority to safeguard the integrity of the grand jury process, *see Barry v. United States*, 865 F.2d 1317, 1321 (D.C. Cir. 1989). The circumstances of the violation point to the government as the only plausible source of this prejudicial leak.

The government's two-page opposition letter (and subsequent one-paragraph update) does nothing to rebut this conclusion. The government scarcely responds to Mayor Adams's argument that he has established a *prima facie* showing, and it does not deny that the witness testified before the grand jury or that the *Times* was correct about the substance of the witness's testimony. Tellingly, the government does not even deny that it was the source of the leak. Nor does the government bother to grapple with Mayor Adams's common-sense arguments about the prejudicial effect of leaking suggestions of uncharged offenses to a major national newspaper, declaring in a few conclusory sentences that no harm has occurred.

This is not how the government is supposed to conduct itself. Accordingly, the Court should hold an evidentiary hearing and impose sanctions on the government. In the interim, it should exercise its equitable powers and pause any further grand jury proceedings pending the hearing and resolution of this motion.

**ARGUMENT**

**I.     MAYOR ADAMS HAS ESTABLISHED A *PRIMA FACIE* SHOWING OF A VIOLATION OF GRAND JURY SECRECY**

The government concedes, as it must, that "the identity of a grand jury witness and questions that witness was asked in the grand jury" qualify as "information that would constitute

1

'a matter occurring before the grand jury.'" Opp. at 1 (quoting Fed. R. Crim. P. 6(e)(2)(B)).  Thus, the leak involved a matter occurring before the grand jury, and so the first prong of the *prima facie* case is indisputably met here.  *See, e.g.*, *United States v. Skelos*, No. 15 Cr. 317 (KMW), 2015 WL 6159326, at *9 (S.D.N.Y. Oct. 20, 2015) (*prima facie* case requires showing "(1) there has been disclosure of a matter or matters occurring before the grand jury; and (2) that the source of the disclosure was an attorney or agent of the government"); *see also* ECF No. 49 ("Opinion") at 2-4.

The government, however, argues that Mayor Adams has failed to make a *prima facie* case with respect to the second prong, erroneously claiming that there is "no indication whatsoever" that it is responsible for this latest leak.  Opp. at 2.  The motion in fact identified multiple reasons why the government is the only plausible source of the leak.  *See* ECF No. 83 at 6-8.  And the government's responses (or lack thereof) do not undermine Mayor Adams's satisfaction of his "relatively light" burden to make out a *prima facie* case.  *See In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1068 n.7 (D.C. Cir. 1998); *see also* Opinion at 3.

As a threshold matter, the government errs in arguing that the lack of either a published newspaper article or a published article with specific attribution bars any further inquiry into the leak.  *See* Opp. at 2; ECF No. 92.  Under that framing, this Court could find that the government was the source of a leak *only* if explicit evidence appeared in print.  That is wrong.  To be sure, because the unlawful disclosure of grand jury material is often established by media reports, judicial decisions often focus on such material.  *See, e.g.*, *Barry*, 865 F.2d at 1325; *Skelos*, 2015 WL 6159326, at *11.  But the existence of a grand jury leak can be shown through other evidence. *See, e.g.*, *In re Grand Jury Investigation (90-3-2)*, 748 F. Supp. 1188, 1194 (E.D. Mich. 1990) (affidavits).  As explained before, the circumstances here confine the list of possible leakers to a

2

narrow set: grand jurors, interpreters, court reporters, the witness, or government personnel. *See* ECF No. 83 at 6 (citing Fed. R. Crim. P. 6(e)(3)).

The government appropriately declines to blame a grand juror, an interpreter, or a court reporter. Instead, the government speculates that the testifying witness may have either told the *Times* or told someone else who then told the *Times*. *See* Opp. at 2. But the witness had no motive to publicize her own testimony either directly or indirectly, especially given the sensitivity of this investigation and the intense spotlight on anyone publicly associated with it. *See* ECF No. 83 at 6. Since the witness is not a plausible source of the leak, process of elimination leaves only the government.

Zooming out, the pattern and duration of leaks in this case further confirm that the most likely source by far is the government. It makes no sense that multiple witnesses or their proxies repeatedly would leak information that, at a minimum, might reflect poorly on them—much less to a single set of reporters at the *Times*. By contrast, the government has a clear motive to leak, unique access to the leaked information, and institutional connections to the *Times* through government press officers and otherwise. That the *Times* also obtained and reviewed a sealed search warrant and reported the premature leak of the indictment itself, and that other media outlets explicitly sourced their reporting to law enforcement sources, *see* ECF No. 19, only weakens the government's speculation that a witness was the source of the leak (or really, many witnesses acting independently but somehow connecting with the same reporters). At some point, the government's theorizing and hypotheticals must yield to common sense and reality.

Two additional points support this conclusion and Mayor Adams's *prima facie* showing, neither of which the government rebuts in its submissions.

3

*First*, the *Times* reporters at issue are the same reporters who have repeatedly published grand jury material in this case and others. *See* ECF No. 80 at 2-3 nn.2-3; ECF No. 19 at 3-6 (collecting articles). And only three days after the government submitted its opposition, those reporters confirmed both the instant leak *and* the precise timeline previously articulated by defense counsel in a sealed declaration. While the article claimed that Mayor Adams's counsel "revealed in court papers dated Dec. 24 that a new witness had recently testified before the grand jury," in the same breath the reporters admitted they had two confidential sources and that the *Times* was breaking the story as a result. William K. Rashbaum & Dana Rubinstein, *Federal Grand Jury Has Heard More Evidence in Case Against Mayor Adams*, N.Y. Times (Jan. 10, 2025).[1] The article stated: "The presentation of additional evidence to the grand jury, which was confirmed by two people who were told of it, has not been previously reported," and Mayor Adams's motion "came a few days after Times reporters began making inquiries about whether a grand jury was again hearing evidence in the mayor's case." *Id.* Those admissions confirm exactly what counsel's declaration stated and establish that the leak must have come from a government source. It is axiomatic that reporters need sources to write a story and that Mayor Adams's redacted December 24 motion was not enough for the *Times*—or any other news outlet—to break a story regarding the ongoing grand jury proceedings. That is why no reporter did so until the *Times* article and only after its reporters connected with their two sources—in all likelihood the same government sources that have been feeding Mr. Rashbaum and his colleagues confidential information for over a year.

The government characterizes the January 10 article as evidence that it did not leak grand jury material because "[t]here is no indication in the article that there were Government sources for any of its information." ECF No. 92. But it is unsurprising that the *Times* employed vague

---

[1] https://www.nytimes.com/2025/01/10/nyregion/eric-adams-corruption-grand-jury.html.

4

descriptions for the sources in that article—"two people who were told of it"—in light of the recent scrutiny of connections between its reporters and grand jury leaks. *See, e.g.*, ECF No. 83 at 1-2, 6-7. There is a clear pattern here. At this point, another example involving Mr. Rashbaum and his colleagues cannot be dismissed as mere coincidence. Rather, the most likely explanation is that the government leaked this latest information (as it did before).

*Second*, and more importantly, the government *does not deny* that it was the source of this prejudicial leak. The opposition letter does not dispute that the identified witness in fact provided the disclosed testimony, nor does it affirmatively attest that the government was not involved with this leak. The same is true of the update letter. Despite submitting a declaration with its opposition to Mayor Adams's prior motion disclaiming responsibility for the leaks, ECF No. 38-2; *see* ECF No. 38 at 17 (emphasizing that declaration)—albeit one that raised more questions than answers—the government tellingly submitted no similar declaration here.[2] *See In re Grand Jury Investigation*, 610 F.2d 202, 220 (5th Cir. 1980) (finding Rule 6(e) violation "[i]n light of . . . the government's failure to file an affidavit denying the charges of misconduct") (cited at Opinion 19); *see also United States v. Flemmi*, 233 F. Supp. 2d 113, 117 (D. Mass. 2000) (remarking on the absence of such material, which "the government almost always files"). Whatever the import of that prior declaration, *cf.* ECF No. 83 at 7-8, the absence of an analogous sworn statement here is significant, particularly given the weight that this Court gave to the prior declaration in its earlier ruling, *see* Opinion at 16, and Mayor Adams's request that the government submit declarations regarding the connection of its attorneys, employees, and agents to the witness's testimony, *see* ECF No. 83 at 8 n.4, 10. The government's failure to deny its involvement with this latest leak only fortifies Mayor Adams's *prima facie* showing.

---

[2] The prior declaration does not apply here, being out of date by at least two months.

## II. MAYOR ADAMS HAS BEEN PREJUDICED

The Court should order an evidentiary hearing based on Mayor Adams's *prima facie* showing of a Rule 6(e) violation alone. *See United States v. Rioux*, 97 F.3d 648, 662 (2d Cir. 1996) ("Before a court will order a hearing on a possible breach of the Grand Jury Secrecy Rule, the defendant must establish a *prima facie* case . . . ."). But even if prejudice were required at this stage, *cf.* Opinion at 2 n.4, Mayor Adams has shown prejudice from this grand jury leak. The leaked testimony, no doubt elicited by prosecutors without regard for countervailing facts or evidence, could only falsely suggest that Mayor Adams engaged in an uncharged crime. The leak of such misleading information—especially given the unquestioning manner in which much of the press has repeated the government's assertions in this case—can only increase the likelihood that members of the public (including potentially members of the grand jury) will conclude that Mayor Adams has committed criminal offenses. Indeed, the government's statements, however unfounded, are reported by the media as matters of indisputable fact, sparking headlines proclaiming that "DOJ says Eric Adams committed additional crimes,"[3] "Probe of New York Mayor Eric Adams uncovers more criminal conduct, prosecutors say,"[4] and more.[5]

For its part, the government misconstrues Mayor Adams's argument about prejudice. Mayor Adams does not claim prejudice based on "*prior* leaks." *Contra* Opp. at 2. Rather, the

---

[3] Joe Anuta, *DOJ says Eric Adams committed additional crimes*, Politico (Jan. 7, 2025), https://www.politico.com/news/2025/01/07/doj-says-eric-adams-committed-additional-crimes-00196879.

[4] Luc Cohen, *Probe of New York Mayor Eric Adams uncovers more criminal conduct, prosecutors say*, Reuters (Jan. 7, 2025), https://www.reuters.com/legal/probe-new-york-mayor-eric-adams-uncovers-more-criminal-conduct-prosecutors-say-2025-01-07/.

[5] *See, e.g.*, *New federal troubles brewing for NYC Mayor Eric Adams*, NBC4 New York (Jan. 7, 2025), https://www.nbcnewyork.com/news/new-federal-troubles-brewing-for-nyc-mayor-eric-adams/6098124; Alex Meier, *'Additional criminal conduct' in NYC Mayor Adams' criminal case uncovered: filing*, FOX5 New York (Jan. 7, 2025), https://www.fox5ny.com/news/additional-criminal-conduct-nyc-mayor-adams-criminal-case-uncovered.

6

prejudice caused by this most recent leak is similar to that caused by previous grand jury leaks. *See* ECF No. 19 at 16-18.  And while the Court might have disagreed with Mayor Adams about the source of the previous leaks, *cf.* Opp. at 2, it made no finding about prejudice, *see* Opinion at 2 n.4.

The government also places significant weight on whether the *Times* published an article containing the leaked grand jury information.  *See* Opp. at 2-3; ECF No. 92.  But it is again unsurprising that, having been preemptively called out by defense counsel, the *Times* chose to sanitize its article before publication.  In any case, the fact remains that grand jury material was leaked to the media, and "[t]he leaking of confidential grand jury information to members of the press, whether to satisfy public interest in high profile criminal prosecutions or to generate evidentiary leads, is serious misconduct and, indeed, likely criminal." *United States v. Walters*, 910 F.3d 11, 23 (2d Cir. 2018).  Denying even an evidentiary hearing on these facts would render the protections of Rule 6(e) —which exists to safeguard the rights of the defendant, *see United States v. Friedman*, 854 F.2d 535, 583 (2d Cir. 1988), and correspondingly restrain the government—toothless.

That is particularly true here considering the government's continued efforts to win this case in the press and stifle the defense.  Indeed, in its latest letter, the government claims that Mayor Adams's counsel made "presumptively prejudicial" comments quoted in the January 10 article.  ECF No. 92.  Those statements could hardly prejudice a fair trial here in the wake of the tidal wave of reporting on the government's grand jury investigation (which began a year before the indictment was returned) and the press-conference remarks made by the then-U.S. Attorney and FBI.  Those officials told the public that Mayor Adams is "perverted by greed and dishonesty"; "abused his power and position for nearly a decade"; "put the interests of his benefactors, including

7

a foreign official, above those of his constituents"; "year after year after year . . . kept the public in the dark" while being "showered with" improper gifts; engaged in "a grave breach of the public's trust"; "abused" the privilege of public office; crossed "bright red lines" "again and again for years"; and much more. ECF No. 80 at 1. The government never seriously defended these prejudicial misstatements—nor could it. *See* ECF No. 86 at 1 (suggesting press conference statements "tracked public allegations"). And the government's claim that defense counsel's statements could be "presumptively prejudicial" is entirely inconsistent with the government's position that its own serial leaks somehow are not. In fact, the government's cavalier response to its own serious misconduct confirms that Mayor Adams will only continue to be prejudiced absent this Court's intervention.

## CONCLUSION

For the foregoing reasons, Mayor Adams respectfully requests that the Court hold an evidentiary hearing and thereafter impose appropriate sanctions on the government. In the meantime, the Court should exercise its equitable powers and halt any further grand jury proceedings pending the hearing and resolution of this motion.

Dated:  January 14, 2025

Respectfully submitted,

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

By: */s/ Alex Spiro*

Alex Spiro
295 Fifth Ave.
New York, NY 10016
(212) 849-7000

William A. Burck
John F. Bash (admitted *pro hac vice*)
Avi Perry
1300 I Street NW, 9th Floor
Washington, D.C. 20005
(202) 538-8000

*Attorneys for Mayor Eric Adams*