UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ERIC ADAMS,

             Defendant.

24-CR-556 (DEH)

MEMORANDUM ORDER

DALE E. HO, United States District Judge:

      Before the Court is Defendant Eric Adams's ("Mayor Adams") renewed motion for an evidentiary hearing and sanctions under Rule 6(e).[1] Mayor Adams alleges that the Government and its agents have leaked confidential grand jury information—namely, the name and testimony of a grand jury witness—to one or more reporters at the *New York Times*. *See* Def.'s Mem. Law Supp. His Renewed Mot. for an Evid. Hr'g (Def.'s Mem.), ECF No. 83 at 3. He asks this Court to "hold an evidentiary hearing regarding the circumstances of the [alleged] leaks and individuals involved, and thereafter impose appropriate sanctions on the government, up to and including dismissal of the indictment." *Id.* at 10. For reasons explained below, Mayor Adams's motion is **DENIED**.

## BACKGROUND

      The Court presumes the parties' familiarity with the history of Mayor Adams's allegations of Rule 6(e) violations. *See* ECF No. 49. In brief, Mayor Adams previously accused the Government of leaking "matter[s] occurring before the grand jury" to the press in violation of the Rule. *See* Fed. R. Crim. P. 6(e)(2)(B)(vi) (listing individuals who "must not disclose a matter occurring before the grand jury," including "an attorney for the government"). The Court found

---

[1] All references to Rules are to the Federal Rules of Criminal Procedure unless otherwise stated.

1

that Mayor Adams had not made a prima facie showing of a Rule 6(e) violation because the content of the news articles he presented as evidence of the alleged leaks either did not demonstrate that "a matter before the grand jury" had been impermissibly disclosed or did not attribute the disclosure to the Government. *See* ECF No. 49. Subsequently, on December 24, 2024, Mayor Adams filed a renewed Rule 6(e) motion making new allegations of improper disclosures of grand jury information by the Government. *See* ECF No. 82.

## LEGAL STANDARDS

Rule 6(e) prohibits various individuals involved in the grand jury process from disclosing "a matter occurring before the grand jury." *See* Fed. R. Crim. P. 6(e). The individuals to whom the rule applies are listed at Rule 6(e)(2)(B) and include, among others, "an attorney for the government." Fed. R. Crim. P. 6(e)(2)(B)(vi). "A matter before the grand jury" is defined in this Circuit to include "not only the evidence actually presented to that body but also anything that may tend to reveal what transpired before it." *United States v. Eastern Air Lines, Inc.*, 923 F.2d 241, 244 (2d Cir. 1991).[2] Under this definition, clearly, the identity of a grand jury witness and the substance of grand jury witness testimony are protected by Rule 6(e). *See id.* (describing "summaries of grand jury testimony" as protected from disclosure under Rule 6(e)); *see also In re Motions of Dow Jones & Co.*, 142 F.3d 496, 500 (D.C. Cir. 1998) (describing the "identities of witnesses" and "the substance of testimony" as being "encompassed within" Rule 6(e)); *N.Y. Times Co. v. U.S. Dep't of Just.*, 235 F. Supp. 3d, 522, 531 (S.D.N.Y. 2017) (same).

A defendant may make out a prima facie showing of a Rule 6(e) violation by submitting news articles containing evidence that "a matter occurring before the grand jury" has been

---

[2] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses, unless otherwise indicated.

2

disclosed. But for a defendant to prove a Rule 6(e) violation via such articles, the articles must contain certain information. Namely, "there must be a clear indication that [the] media reports disclose information about 'matters occurring before the grand jury' specifically," *In re Grand Jury Investigation*, 610 F.2d 202, 216 (5th Cir. 1980), and the articles must expressly or by implication "identify the source [of the alleged disclosure] as one proscribed under Rule 6(e)," *United States v. Rioux*, 97 F.3d 648, 662 (2d Cir. 1996). If the defendant presents an article that satisfies both criteria, "the burden then shifts to the Government to rebut the defendant's case in a show cause hearing." *United States v. Skelos*, No. 15 Crim. 317, 2015 WL 6159326, at *9 (S.D.N.Y. Oct. 20, 2015); *see also Rioux*, 97 F.3d at 662 ("Before a court will order a hearing on a possible breach of the Grand Jury Secrecy Rule, the defendant must establish a prima facie case of a violation of Federal Rule of Criminal Procedure 6(e).").

## DISCUSSION

Mayor Adams does not cite any news articles in his opening memorandum of law in support of his renewed Rule 6(e) motion. Instead, the Mayor indicates that his "counsel was notified by a credible source that confidential grand jury information" was leaked to one or more reporters at the *New York Times*. Def.'s Mem. 2. Mayor Adams alleges that "[t]he leaked information include[d] the identity of a witness who recently testified before the grand jury and the sum and substance of that witness's testimony," and his counsel submitted a declaration purporting to substantiate this allegation.[3] *Id; see also* Decl. Alex Spiro (under seal)[4]. In neither

---

[3] The Court makes no factual findings with respect to whether additional witnesses have testified before the grand jury that returned an indictment against Mayor Adams.

[4] On December 26, 2024, the Court ordered Mayor Adams to file the unredacted memorandum of law in support of this motion, as well as the Spiro Decl., on the docket under seal. *See* ECF No. 85. These documents have not yet been filed as of the date of this Order. Mayor Adams is therefore directed to file the documents in question under seal by no later than January 28, 2025.

his motion nor his counsel's declaration does Mayor Adams identify a specific government attorney or agent as responsible for the alleged disclosure. Instead, resting on circumstantial evidence and "common sense," Mayor Adams concludes that "the only plausible source of th[e leaked] information is members of law enforcement assisting with the investigation." Def.'s Mem. 3, 6-7.

Shortly after the Government filed its opposition brief, ECF No. 91, in which it disclaimed responsibility for the alleged leak, the *New York Times* published an article titled, "Federal Grand Jury Has Heard More Evidence in Case Against Mayor Adams." William K. Rashbaum & Dana Rubinstein, *Federal Grand Jury Has Heard More Evidence in Case Against Mayor Adams*, N.Y. Times, Jan. 10, 2025, https://www.nytimes.com/2025/01/10/nyregion/eric-adams-corruption-grand-jury.html. Tracking Mayor Adams's allegations, the article states that "[f]ederal prosecutors who brought corruption charges against Mayor Eric Adams last fall . . . recently presented additional evidence to a grand jury in his case." *Id.* But its authors report that they learned of the additional evidence not from the Government but rather from Mayor Adams's counsel. *Id.* The article acknowledges that a *Times* reporter had made "inquiries about whether a grand jury was again hearing evidence in the mayor's case," but it says that the outlet did not learn that the grand jury actually heard new evidence until Mayor Adams filed his renewed Rule 6 motion. *Id.*

Based on the evidence before it—namely, Mayor Adams's counsel's declaration and the *New York Times* article regarding alleged additional grand jury proceedings—the Court finds that Mayor Adams has not made a prima facie showing of a Rule 6(e) violation. Even fully crediting Mayor Adams's counsel's declaration, it does not provide the Court with any reason—beyond the lawyer's belief—to conclude *that a person to whom Rule 6(e) applies* disclosed grand jury information to a reporter at the *New York Times*. And the Mayor does not cite a single case

standing for the proposition that a defense attorney's declaration stating their belief that the government has violated Rule 6(e) constitutes evidence—much less sufficient evidence—that such a violation has in fact occurred.

Moreover, the sole news article before the Court, which was not published for over two weeks after the Mayor filed his renewed motion, describes Mayor Adams's counsel as its information source, not the Government. The one line of the article that could possibly substantiate the Mayor's claim—"[t]he presentation of additional evidence to the grand jury . . . was confirmed by two people who were told of it [and] has not been previously reported"—does not implicate the Government specifically such that the Court could impute responsibility for any Rule 6(e) disclosure to it or its agents. *Cf. Skelos*, 2015 WL 6159326, at *11 ("In certain circumstances, the article need not expressly implicate the government, if the nature of the information disclosed therein makes clear the connection."). In sum, because none of the evidence before the Court identifies the Government or its agents as having disclosed "a matter occurring before the grand jury," Mayor Adams has not made out a prima facie Rule 6(e) violation.

One additional filing bears mention. On January 18, 2025, Mayor Adams submitted a letter accusing the former U.S. Attorney for the Southern District of New York of violating Local Criminal Rule 23.1 through statements made in an op-ed published on January 16 and on his "new website." *See* Letter, Jan. 18, 2025, ECF No. 99 ("Jan. 18 Letter"). The Mayor states that this evidence "should be considered by the Court when ruling on Mayor Adams's Renewed Motion for an Evidentiary Hearing and for Sanctions Including Dismissal." *Id.* at 3. Having reviewed the submission and the evidence referenced within it, the Court concludes that it does not change the Court's analysis. Neither Mr. Williams's op-ed itself nor the media it incorporates by reference so much as allude to the grand jury proceedings that led to Mayor Adams's indictment, let alone

5

disclose protected information from those proceedings. Rule 6(e) is not implicated by the materials, and they do not substantiate Mayor Adams's claim that the Government has disclosed grand jury information in violation of the Rule.[5]

---

[5] Although Mayor Adams does not request relief under Local Rule 23.1, the Court notes that, after carefully reviewing Mr. Williams's op-ed, the op-ed does not contain any statements that run afoul of the Rule's prohibitions. In the op-ed, Mr. Williams provides hyperlinks to several prosecutions brought during his tenure as U.S. Attorney, including those of federal and state elected officials, but none concern Mayor Adams. In fact, the majority of the statements in the op-ed that Mayor Adams claims are problematic concern New York *State* rather than New York *City* politics. For example, Mayor Adams highlights Mr. Williams's statements that "[t]he ability to raise obscene sums of money for a campaign is precisely the wrong bottleneck to elected office," and that "[i]t reeks of pay-to-play corruption and is offensive to most New Yorkers . . . " Jan. 18 Letter at 2 (quoting Williams's op-ed). But those sentences are found in a paragraph lamenting the ability of candidates "to raise money from individuals or entities with business before *the state*," opining that "*[t]he state's* new matching funds program is woefully inadequate," and arguing in favor of "a truly transformative public financing system for *state elections*. . . " *Id.* (emphases added). They do not appear to be directed at New York *City* politics generally or at this case specifically.

There is one sentence in the op-ed stating that "[t]he public reporting alone paints a picture" that "America's most vital city is being led with a broken ethical compass," *id.* at 1, which could plausibly be read to be a reference to Mayor Adams (among others). This particular statement, however, "do[es] not cross the line drawn by [Local] Rule 23.1 in the sense that [it] do[es] not, by [itself], constitute opinions as to the Defendant[']s guilt, and [is] not otherwise the type of statement[] proscribed by the rule." *United States v. Smith*, 985 F. Supp. 2d 506, 539 (S.D.N.Y. 2013) (citing Local Rule 23.1(d)). Nor does the statement "go[] beyond the public record." Local Rule 23.1(b). Of course, "[i]t is essential that prosecutors respect both the power of their words and their office, and ensure that their public comments are carefully tailored solely to further valid law enforcement interests and to steer far clear of violating a defendant's fundamental right to a fair trial." *Id.* at 541. Here, the Court finds that Mr. Williams has not violated those duties.

6

## CONCLUSION

For the reasons discussed above, Mayor Adams's renewed Motion for a Rule 6(e) Hearing and Sanctions is **DENIED**. The Clerk of Court is respectfully directed to terminate ECF No. 82.

SO ORDERED.

Dated: January 22, 2025
       New York, New York

                                              _____
                                              DALE E. HO
                                              United States District Judge