

Via ECF

February 17, 2025

Judge Dale E. Ho
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *United States of America v. Adams* (1:24-cr-00556-DEH)

Dear Judge Ho,

Undersigned counsel represent a group of former United States Attorneys.[1]  We respectfully request leave to submit a brief, as *amici curiae*, in support of the Court's authority to conduct a factual inquiry into the government's pending request for a nolle prosequi in the instant matter. (Dkt. No. 122).[2]

Amici have served as former United States Attorneys for the Southern District of New York, the District of New Jersey, and the District of Connecticut.  They have collectively been responsible for thousands of federal criminal prosecutions.  They understand federal prosecutors' ethical and professional obligations and the imperative that prosecutors act without regard to partisan politics.  *See, e.g.*, U.S. Dep't. of Justice, *Justice Manual* § 9-27.260 (2018).  They also share a respect for the rule of law, the separation of powers, and the importance of preserving the integrity of the federal criminal justice system.

In the views of amici, the events of the last week in *United States of America v. Adams* have been unprecedented.  As detailed in amici's proposed brief—attached as Exhibit 1—the government's February 14, 2025 request for a nolle prosequi in the instant matter was preceded

---

[1] The group consists of John S. Martin Jr. (former United States Attorney for the Southern District of New York (1980-1983) and former Judge for the United States District Court for the Southern District of New York (1990-2003)); Robert J. Cleary (former United States Attorney for the District of New Jersey (1999-2002)); and Deirdre M. Daly (former United States Attorney for the District of Connecticut (2013-2017)).

[2] Amici confirm that no counsel for a party authored this brief in whole or in part and that no person other than amici or their counsel made any monetary contributions intended to fund the preparation or submission of this brief.

by resignations of numerous senior federal prosecutors, as well as allegations of an improper "quid pro quo" agreement between the U.S. Department of Justice and the Mayor of New York City, Eric Adams. These extraordinary events raise serious questions about the appropriateness of the government's dismissal request. Amici respectfully submit that these events call for a factual inquiry, initiated by the Court, into whether the government's request for dismissal has been made in good faith and is consistent with the public interest, as required by Federal Rule of Criminal Procedure 48(a).

Amici's proposed brief describes the Court's authority and obligation to conduct such an inquiry under Rule 48(a). (Ex. 1, Part I). It also reviews the relevant law concerning permissible and impermissible bases for dismissal under Rule 48(a) (*id.*, Part II), and explains why the events of the last week raise serious questions about the appropriateness of the government's request for a dismissal (*id.*, Part III). It also proposes a list of specific issues and questions the Court may use to help guide a factual inquiry into the unprecedented recent events. (*Id.*, Introduction).

Amici should be granted leave to file their proposed brief because it is both "timely and useful" to the Court. *See Andersen v. Leavitt*, No. 03-CV-6115 DRHARL, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) (citation omitted). In light of the government's request to dismiss the case, as well as Mr. Adams' statements suggesting he has no intention of contesting the requested dismissal,[3] the parties are no longer in an adversarial position. There is no reason for either party to seek the probing factual inquiry that amici believe is warranted and required by Rule 48(a). Amici, therefore, are advancing a position that is "not available from the parties," *Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, No. 11 CIV. 6746 RJH, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011), and are offering a unique perspective that "could prove helpful to the Court in shedding light on those aspects of the case that the immediate parties may not [be] best situated to address," *Weininger v. Castro*, 418 F. Supp. 2d 553, 555 (S.D.N.Y. 2006).

In doing so, amici are serving the "primary role of [an] amicus," which is to "assist the Court in reaching the right decision in a case affected with the interest of the general public." *See Russell v. Bd. of Plumbing Examiners of Cnty. of Westchester*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999), *aff'd*, 1 F. App'x 38 (2d Cir. 2001). Indeed, other courts have granted leave to former federal prosecutors to file amicus briefs in similar circumstances. *See United States v. Flynn*, No. 1:17-cr-00232 (D.D.C. May 13, 2020) (Dkt. No. 275) (granting leave to former federal prosecutors and DOJ officials to file an amicus brief regarding a district court's authority to refuse a request to dismiss under Rule 48(a)).

---

[3] *See* Dkt. No. 122 ¶ 2 (noting Mr. Adams' consent to the request for a nolle prosequi); *see also* Kyla Guilfoil, *Eric Adams thanks Justice Department for ordering dismissal of corruption charges*, NBC News, Feb. 11, 2025 (noting that after DOJ directed Southern District of New York prosecutors to dismiss the charges against Mr. Adams, Mr. Adams stated: "I thank the Justice Department for its honesty. Now we can put this cruel episode behind us and focus entirely on the future of our city. It's time to move forward.").

Sincerely,

/s/ Carey R. Dunne
Carey R. Dunne
Mark Pomerantz
Kevin Trowel
Martha Reiser
**FREE & FAIR LITIGATION GROUP**
266 W 37th Street
20th Floor
New York, NY 10018
Telephone: (646) 434-8604

*Counsel for Amici Curiae*

cc:    All counsel of record (via ECF)