**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7364**

WRITER'S EMAIL ADDRESS
**alexspiro@quinnemanuel.com**

February 18, 2025

<u>VIA ECF AND EMAIL</u>

The Honorable Dale E. Ho
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 905
New York, New York 10007

Re: <u>*U.S. v. Adams*</u> - Case No. 24-Cr-556-DEH

Dear Judge Ho:

      We write in response to the letter of Nathaniel H. Akerman ("Akerman Letter") and letter of former United States Attorneys, both dated February 17, 2025. Their core contention is that the Department of Justice acted improperly by agreeing to a *quid pro quo* with Mayor Adams's defense counsel. Their factual basis for this allegation is a footnote in a letter from former interim United States Attorney Danielle Sassoon to Attorney General Pamela Jo Bondi, dated February 12, 2025, in which Ms. Sassoon said that "Adams's attorneys repeatedly urged what amounted to a *quid pro quo*" during a meeting with the Department and Southern District prosecutors. Akerman Letter, Ex. C at 3 n.1.

      It is not entirely clear what Ms. Sassoon means by "amounted to" a *quid pro quo*, but we were at the meeting she references, and her characterization of the discussion is not accurate. At no time prior to, during, or after the meeting did we, Mayor Adams, or anyone else acting on behalf of Mayor Adams offer anything to the Department, or anyone else, in exchange for dismissal of the case. Nor did the Department, or anyone else, ever ask anything of us or the Mayor in exchange for dismissing the case. There was no *quid pro quo*. Period.

      Acting Deputy Attorney General Bove invited us to a meeting at which he asked us to address how the case might be affecting Mayor Adams's ability to do his job and whether there was evidence of politicization. At that meeting, which occurred on January 31, 2025, we explained

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

that the indictment and upcoming trial were impeding Mayor Adams in myriad ways, including as to enforcement of federal immigration laws, and that Damian Williams's post-SDNY conduct raised serious concerns about his motives in authorizing the prosecution. Ms. Sassoon and her colleagues were present and actively participated in the meeting. We had a polite and professional debate under questioning from Mr. Bove. At the conclusion of the meeting, Mr. Bove asked us and the SDNY lawyers to memorialize our respective positions in writing, which we did in a letter we submitted to the Department on February 3, 2025, a copy of which is attached as Exhibit A.

We heard nothing further until February 10, 2025, when we learned from the press that the Department had decided to dismiss the case. We had no heads up or prior notice. We never coordinated with the Department or anyone else. We never offered anything to the Department, or anyone else, for the dismissal. And neither the Department, nor anyone else, ever asked anything of us for the dismissal. We told the Department that ending the case would lift a legal and practical burden that impeded Mayor Adams in his official duties. And that it was the just thing to do because the case was exceptionally weak on the merits and very likely had been championed by Mr. Williams for what appeared to be self-interested reasons. We believe we were right and stand by what we said. What we never said or suggested to anyone was that Mayor Adams would do X in exchange for Y, and no one said or suggested to us that they would do Y in exchange for X. We are prepared to confirm these points under oath in sworn declarations.

Respectfully submitted,

*/s/ Alex Spiro*

Alex Spiro
William A. Burck