

Via ECF

February 20, 2025

Judge Dale E. Ho
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:  <u>United States of America v. Adams</u> (1:24-cr-00556-DEH)

Dear Judge Ho,

On February 17, 2025, undersigned counsel submitted a motion for leave to submit an amicus brief in *United States v. Adams* in support of the Court's authority to conduct a factual inquiry into the government's pending request for a nolle prosequi in the instant matter.  (Dkt. No. 128).  We submitted the motion and proposed brief on behalf of a group of former United States Attorneys,[1] who believe that the extraordinary events preceding the government's request for a nolle prosequi on February 14, 2025 raise important questions about the rule of law, executive power, and independence of the justice system.  (Dkt. No. 122).  Amici believed they could offer a perspective that was "not available from the parties," *Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, No. 11 CIV. 6746 RJH, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011), and which "could prove helpful to the Court in shedding light on those aspects of the case that the immediate parties may not [be] best situated to address," *Weininger v. Castro*, 418 F. Supp. 2d 553, 555 (S.D.N.Y. 2006).  For the reasons set forth in amici's February 17, 2025 motion, counsel for amici respectfully request leave to file this supplemental amicus letter brief concerning the proceedings before this Court on February 19, 2025.

During yesterday's hearing, only one perspective was offered to the Court: That the Court should grant the request for a nolle prosequi without any further investigation into the extraordinarily unusual events that surrounded the request.  (Feb. 19, 2025 Hrg. Tr. at 48-51).  Amici respectfully submit that Federal Rule of Criminal Procedure 48(a) requires more than that, and

---

[1] The group consists of John S. Martin Jr. (former United States Attorney for the Southern District of New York (1980-1983) and former Judge for the United States District Court for the Southern District of New York (1990-2003)); Robert J. Cleary (former United States Attorney for the District of New Jersey (1999-2002)); and Deirdre M. Daly (former United States Attorney for the District of Connecticut (2013-2017)).

that it would be useful to the Court to hear from someone other than the government and the defendant about appropriate ways to proceed in this matter, including how best to develop the factual record required by Rule 48(a).[2]  As amici noted in their proposed brief, the Court has wide discretion, and can appoint counsel to investigate the events surrounding the request for dismissal or to present a factual and legal analysis in addition to what was argued before the Court yesterday.  (*See* Dkt. No. 128 at 9).  Amici urge the Court to hear from parties other than the government and the defendant in deciding about the appropriate next steps.

Amici also urge the Court to consider another factor that the parties did not address yesterday—namely, the important role of grand juries in criminal proceedings.  Under the Constitution neither the President nor the Department of Justice can institute a criminal prosecution.  Only a grand jury impaneled by a federal judge can commence a criminal case by filing an indictment.  By returning an indictment, the grand jury announces its finding that probable cause exists to believe that the defendant committed a federal offense.  Under FRCP 48(a), and pursuant to the Court's inherent authority, the Court has the important obligation to ensure the integrity of all proceedings related to the grand jury's indictment.

We thank the Court for its consideration of this matter.

Sincerely,

/s/ Carey R. Dunne
Carey R. Dunne
Mark Pomerantz
Kevin Trowel
Martha Reiser
**FREE & FAIR LITIGATION GROUP**
266 W 37th Street
20th Floor
New York, NY 10018
Telephone: (646) 434-8604

*Counsel for Amici Curiae*

cc:   All counsel of record (via ECF)

---

[2] As the Court noted, even if the Court's authority is limited under Rule 48(a), the Court has a role to play because otherwise "there would be no purpose for the requirement of leave under Rule 48."  (Feb. 19, 2025 Hrg. Tr. at 2-3).