quinn emanuel trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7364**

WRITER'S EMAIL ADDRESS
**alexspiro@quinnemanuel.com**

February 21, 2025

<u>VIA ECF</u>

The Honorable Dale E. Ho
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 905
New York, New York 10007

Re:  <u>U.S. v. Adams</u> - Case No. 24-Cr-556-DEH

Dear Judge Ho:

    We are writing to alert the Court to recent out-of-court statements by Attorney General Pam Bondi and her chief of staff that constitute admissions of a party opponent under the Federal Rules of Evidence. Fed. R. Evid. 801(d)(2). The Attorney General described the indictment in this case as "incredibly weak," and said that the charges against the Mayor were so weak she doubted prosecutors could secure a guilty verdict. "That," she said, "is the weaponization of government." Her statements followed similar statements by her chief of staff on Wednesday, February 19, 2025. *See, e.g.*, Chad Mizelle, @ChadMizelle47, X (Feb. 19, 2025 12:42 PM), https://x.com/chadmizelle47/status/1892268416267911251?s=46 ("The case against Mayor Adams was just one in a long history of past DOJ actions that represent grave errors of judgement."); *id.* ("Dismissing the prosecution was absolutely the right call."). The Acting Deputy Attorney General has similarly recognized that this "case turns on factual and legal theories that are, at best, extremely aggressive." Dkt. 125-2 at 7.

    This is precisely what defense counsel have been arguing for months. Since the inception of this case, we have sought to demonstrate that the government lacks both factual and legal basis for the charges against Mayor Adams. *See, e.g.*, Dkts. 13, 14, 41, 50, 72, 73, 94.

    To the degree that the Department, as it has asserted, moved to dismiss the indictment based on policy determinations independent of the evidence supporting the charges against Mayor

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

Adams, it is abundantly clear from the recent admissions of the Attorney General, her chief of staff, and the Acting Deputy Attorney General that they do not believe the charges are sustainable as a matter of fact and law.

We have never argued to this Court that this case should be dismissed for solely collateral policy reasons. We have focused on the evidence and on the law. There can now be no doubt that the Department has also reached the same conclusion we have been advocating, that this case should never have been brought on the merits. It is standard practice within the Department to assess both whether a person's conduct constitutes a federal offense and admissible evidence will probably be sufficient to obtain and sustain a conviction, and whether federal interests will be served by the prosecution, among other secondary factors. *See* DOJ Manual § 9-27.000 Principles of Federal Prosecution.

Every day prosecutors exercise their judgment when determining what cases to bring. In this case, there was a lapse in that judgment. Prosecutors failed to make the correct ex ante determination that the charged crimes are unsupported by evidence, and they went ahead and indicted Mayor Adams despite the weakness of their claims. The Department of Justice has realized its error and now seeks to correct the prior Administration's mistake. There is nothing unusual or suspect about setting right what was wrong. That is what justice does.

Respectfully submitted,

*/s/ Alex Spiro*

Alex Spiro
William A. Burck