# Exhibit 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>ERIC ADAMS,<br>                    Defendant. | 24 Cr. 556 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

On February 14, 2025, the Government filed a "motion seeking dismissal without prejudice of the charges in this case, with leave of the Court, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure." ECF No. 122 at 1. That Rule provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). As the Second Circuit has explained,

> Rule [48(a)] was not promulgated to shift absolute power from the Executive to the Judicial Branch. Rather, it was intended as a power to check power. The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest. In this way, the essential function of each branch is synchronized to achieve a balance that serves both practical and constitutional values.

*United States v. Blaszczak*, 56 F.4th 230, 240 (2d Cir. 2022) (quoting *United States v. Smith*, 55 F.3d 157, 158-59 (4th Cir. 1995)). The government's determination to abandon a prosecution is "entitled to great weight" and to a "presumption [of] good faith[,] . . . but it is not conclusive upon the Court; otherwise there would be no purpose to Rule 48(a), which requires leave of Court to enter the dismissal." *United States v. Greater Blouse, Skirt & Neckwear Contractors Ass'n*, 228 F. Supp. 483, 486 (S.D.N.Y. 1964) (Weinfeld, J.). Thus, "[w]hile there can be no

1

doubt that the government has broad discretion in deciding which cases to prosecute and how to prosecute those cases, once the government has involved the judiciary by obtaining an indictment or a conviction, its discretion is tempered by the courts' independent obligations." *Blaszczak*, 56 F.4th at 259 (Sullivan, J., dissenting).

"Rule 48(a)'s requirement of judicial leave . . . contemplates exposure of the reasons for dismissal." *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973). "Since the court must exercise sound judicial discretion in considering a request for dismissal, it must have sufficient factual information supporting the recommendation." 3B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 802 (4th ed. 2013). In granting a motion under Rule 48(a), the Court "should be satisfied that the reasons advanced for the proposed dismissal are substantial." *Ammidown*, 497 F.2d at 620.

The motion to dismiss states that "Defendant Eric Adams has consented in writing to this motion," *see* ECF No. 122 at 1, but no such document has been provided to the Court. Defendant is therefore **ORDERED** to file his "consent[] in writing" on the docket **by 5:00 pm ET today**. The parties are further **ORDERED** to appear before the Court for a conference on **February 19, 2025, at 2:00 pm in Courtroom 318 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, NY**. The parties shall be prepared to address, *inter alia*, the reasons for the Government's motion, the scope and effect of Mayor Adams's "consent[] in writing," ECF No. 122 at 1, and the procedure for resolution of the motion.

SO ORDERED.

Dated: February 18, 2025
      New York, New York

                                                DALE E. HO
                                                United States District Judge