*United States v. Adams*, No. 24 Cr. 556 (DEH)

Exhibit G

March 25, 2025 Government Submission

**From:** Scotten, Hagan (USANYS)
**To:** Rohrbach, Andrew (USANYS); Cohen, Celia (USANYS) 1; Wikstrom, Derek (USANYS)
**Subject:** RE: Tucker Carlson interview
**Date:** Tuesday, January 21, 2025 10:07:13 PM
**Attachments:** Damian Motion Opp v8 annotated.docx

Sorry. It had done that thing where it won't save the new version until I acknowledged that it did in fact contain comment bubbles. Here you go.

**From:** Rohrbach, Andrew (USANYS)
**Sent:** Tuesday, January 21, 2025 10:06 PM
**To:** Scotten, Hagan (USANYS) ; Cohen, Celia (USANYS) 1 ; Wikstrom, Derek (USANYS)
**Subject:** RE: Tucker Carlson interview

At least when I open this, I don't see any comment bubbles?

**From:** Scotten, Hagan (USANYS)
**Sent:** Tuesday, January 21, 2025 10:00 PM
**To:** Cohen, Celia (USANYS) 1 Rohrbach, Andrew (USANYS) ; Wikstrom, Derek (USANYS)
**Subject:** RE: Tucker Carlson interview

Here it is. Because there's a lot of artificial red generated by moving stuff around, I thought it would be easier for everyone to read if I sent a clean version with comments calling out the substantive changes and explaining their rationale.

**From:** Cohen, Celia (USANYS) 1
**Sent:** Tuesday, January 21, 2025 9:46 PM
**To:** Scotten, Hagan (USANYS) ; Rohrbach, Andrew (USANYS) ; Wikstrom, Derek (USANYS)
**Subject:** RE: Tucker Carlson interview

No problem, thanks for handling

**From:** Scotten, Hagan (USANYS)
**Sent:** Tuesday, January 21, 2025 9:45 PM
**To:** Rohrbach, Andrew (USANYS) Cohen, Celia (USANYS) 1 ; Wikstrom, Derek (USANYS)
**Subject:** RE: Tucker Carlson interview

I talked to Danielle, who welcomed the call, and we got into the nitty gritty. I think I can revise in a version that we'll be happy with. I also talked to Podolsky and convinced him on one point that was his and Danielle didn't remember the rationale. With their agreement, I'm going to revise, send to the three of you, and if we are in agreement blast out to everyone, including Danielle. So if you

three can stay awake for a bit longer, I'll go as fast as I can.

**From:** Rohrbach, Andrew (USANYS)
**Sent:** Tuesday, January 21, 2025 8:24 PM
**To:** Scotten, Hagan (USANYS) ; Cohen, Celia (USANYS) 1 ; Wikstrom, Derek (USANYS)
**Subject:** Tucker Carlson interview

https://youtu.be/xY1NzHE-730

Per the index, the relevant bits for us are minutes 0:00-6:00 and 40:34-45:54. In the first bit, they talk about the substance of the case some, so it may give us a feel for what Adams might be like on the stand.

Attachment 1 to Exhibit G

"Damian Motion Opp v8 Annotated"



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 7, 2025

BY ECF

The Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Eric Adams*, 24 Cr. 556 (DEH)

Dear Judge Ho:

    The Government respectfully submits this letter in response to the defendant's January 18, 2025 letter. (Dkt. 99). Adams's letter discusses an article published on January 16, 2025, authored by Damian Williams, who was United States Attorney for the Southern District of New York from October 10, 2021, until December 13, 2024.

    Adam's criticism of the article and the fact of its publication are beside the point. Whatever may be said of the article, it is unclear how rhetoric in an article written by a private person, appearing in a private publication, could entitle Adams to relief in a criminal case. Adams does not, and could not reasonably, claim that the article reveals any grand jury information. Nor does Local Rule 23.1 provide for relief against the Government based on statements made by an individual who is plainly beyond the control of either party. *See United States v. Combs*, No. 24 Cr. 542 (AS), 2024 WL 4719584, at *1 (S.D.N.Y. Nov. 8, 2024) (discussing limit of Rule 23.1 to those participating in a matter).

> **Commented [HS1]:** Danielle suggested this sentence, which makes the point less oblique—her objection to the prior version—while in my view still preserving our effort to distance ourselves from the article.

    Adams argues that Williams's article "should be considered" by the Court in reviewing his latest motion claiming leaks of grand jury material. (Dkt. 99 at 3). But Adams's leaks motion concerns testimony that he describes as occurring shortly before December 22, 2024 (Dkt. 83 at 2), and thus *after* Williams left office. Moreover, Adams's claim that the article prejudices him is difficult to square with the fact that Adams appears more interested than anyone in maximizing media coverage of the events about which he purports to complain: The news story on the purported leaks had "an unusual source"—Adams's attorney.[1] And Adams has done all he can to amplify Williams's article by ensuring its sentiments were repeated in a prominent newspaper.[2]

> **Commented [HS2]:** Matt had suggested deleting this sentence, but was on the fence about it. We talked, and agree that the Spiro counterpunch will be that he had to do this, because the article so tainted the jury pool. But we also agreed that our point is probably worth the counterpoint because Spiro has no credibility with the court.

---

[1] *See* William K. Rashbaum & Dana Rubinstein, "Federal Grand Jury Has Heard More Evidence in Case Against Mayor Adams," *N.Y. Times* (Jan. 10, 2025), https://www.nytimes.com/2025/01/10/nyregion/eric-adams-corruption-grand-jury.html.

[2] *See* Rich Calder, "NYC Mayor Eric Adams' legal team trying to get public corruption case tossed by claiming ex-top fed prosecutor tainted jury pool," *N.Y. Post* (Jan. 18, 2025), https://nypost.com/2025/01/18/us-news/nyc-mayor-eric-adams-legal-team-trying-to-get-public-

Page 2

Instead, Adams's latest filing should be viewed in light of his shifting attempts to suggest that he was indicted for any reason other than his crimes. At the outset of the case, Adams contended that his indictment resulted from a policy disagreement with the prior presidential administration arising in October 2022. That claim disintegrated when discovery made clear that the investigation into Adams began more than a year earlier, based on concrete evidence that Adams had accepted illegal campaign contributions. (*See* Dkt. 83 at 3 & n.2; Dkt. 89 at 2 & Ex. C). Having offered one false theory about the origins of the case, Adams's latest, self-publicized argument is simply an attempt to shift the focus away from the evidence of his guilt.[3] And lest Adams claim the absence of saying this suggests otherwise, Williams did not cause Adams to be investigated. The evidence of Adams's crimes was uncovered by career law enforcement officers performing their duties, in an investigation that began before Williams took office and that has continued after he left.

> **Commented [HS3]:** Danielle wasn't sure why this had come out and was fine with adding it back in. With it added back in, I think we have a sufficiently strong ending without the prior ending (any US attorney would signed) which Danielle and others felt might be read as an attempt to hem in the new crew at main justice before they had a chance to weigh in on the case.

Respectfully Submitted,

DANIELLE R. SASSOON
United States Attorney

by: ___/s/___
Celia V. Cohen
Andrew Rohrbach
Hagan Scotten
Derek Wikstrom
Assistant United States Attorneys

cc:   Counsel of Record (by ECF)

---

corruption-case-tossed-by-claiming-ex-top-fed-prosecutor-tainted-jury-pool (repeating Williams's statement that the City is "being led with a broken ethical compass" based on Adams's filing with this Court, which was "first seen" by the *Post*, and published at 6:42 p.m. on January 18, 2025—three minutes *before* Adams filed with this Court).

[3] To be clear, the Government is not accusing Adams's attorneys of making false statements to the Court. Adams's attorneys could not know with certainty that their client's claim was false until they reviewed discovery, and they have not repeated that claim since they received discovery. (*Cf.* Dkt. 76 at 3 (Government motion noting that defense counsel now knew "this narrative was false"); Dkt. 80 (defense response vigorously contesting the motion but not repeating Adams's false claim or disputing its falsity)).