

David E. McCraw
Senior Vice President
& Deputy General Counsel

T 212 556 4031
mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

April 2, 2025

The Hon. Dale E. Ho
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

    Re: <u>U.S. v. Adams</u>, 24-cr-00556-DEH, Request to Unseal Search
       Warrant Materials

Dear Judge Ho:

I write on behalf of The New York Times Company ("The Times") to follow up on our letter motion of February 18, 2025 ("Motion," Dkt. 133) seeking the public release of certain materials related to searches conducted in the above-referenced action (the "Materials"). Now that the matter is at an end, Second Circuit law strongly supports the release of these documents. *See In re Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990) (affirming order releasing search warrant affidavit based on common-law access right at the conclusion of prosecution). In the seven weeks since we filed our application, no party has opposed the unsealing. Given that there will be no trial at which the public will be able to see and assess the evidence collected by the Government, the case for releasing the Material is particularly compelling.

As the Court will recall from our motion, The Times seeks copies of certain search warrants and search warrant applications, an application for a 2703(d) order, and the document indexes compiled by the Government in submitting evidentiary items to the defense, as set forth in the Government's January 6, 2025 Opposition to the Defense Motion for a Bill of Particulars (the "Opposition," Dkt. 89). The Materials are more particularly described in our Motion.

We respectfully refer the Court to our Motion for a full recitation of the law supporting the release of the Materials. As we detail there, both federal common law and the First Amendment endow the public with a right of access to judicial documents, including search warrant materials, and under either analysis public release of the materials is warranted. As the Court held in respect to our more recent motion to unseal certain exhibits, when parties choose not to file opposition papers in the time allowed by the local rules, the motion should be deemed fully briefed. (*See* Order, Dkt. 174, at 2.)

The Court's Opinion and Order today dismissing the indictment against Mayor Adams with prejudice (Dkt. 177) only underscores the importance of timely public access to these materials. As Your Honor explained, "because the decision to discontinue a prosecution belongs primarily to a political branch of government, it is the public's judgment, and not this Court's, that truly matters." (*Id.* at 77.) By "providing a measure of transparency, which in turn may promote public accountability," unsealing will vindicate the public's "interest in the processes through which prosecutors make decisions about whom to prosecute." (*Id.* (quoting *In re Richards*, 213 F.3d 773, 789 (3d Cir. 2000)).

We thank the Court for its consideration.

Respectfully submitted,

*David McCraw*

David E. McCraw

cc: Counsel of Record (via ECF)