UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | 24-CR-556 (DEH) |
| ERIC ADAMS, | MEMORANDUM ORDER |
| Defendant. | |

DALE E. HO, United States District Judge:

Before the Court is a Motion by the New York Times Company ("NYT Company") seeking public release of various search warrant-related materials in this matter. *See* ECF Nos. 133, 178, 182. The Motion is joined by NYP Holdings, Inc., the publisher of the *New York Post*. ECF No. 181. Because the Motion is unopposed by either party in this case, and for the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

On February 18, 2025, the NYT Company filed a motion, *see* ECF No. 133, seeking public release of materials referenced in the Government's Opposition to Defendant Mayor Eric Adams's Motion for a Bill of Particulars, *see* ECF No. 89. Specifically, the NYT Company's Motion seeks release of:

a) Search warrants and detailed 100+ page affidavits identifying and describing evidence;

b) All discovery indexes created by the Government, as referenced in the Opposition (as of December 4, 2024, the Government had made nine productions, each with an index);

c) A December 2021 application for a 2703(d) order; and

d) An August 2024 application for a warrant for location data for Mayor Adams's cell phone.

*See id.* at 2-3.

1

On April 2, 2025, the Court dismissed this matter with prejudice. *See* ECF No. 177. Later that day, the NYT Company renewed its request. *See* ECF No. 178. The following day, on April 3, 2025, the Court issued an Order setting a deadline of April 17, 2025, for any party to oppose the NYT Company's Motion. ECF No. 179. On April 9, 2025, NYP Holdings, Inc. joined in the NYT Company's request. ECF No. 181. The April 17 deadline for oppositions has now passed, and no opposition has been filed.

## LEGAL STANDARD

In determining whether to permit public access to a document, courts apply a three-part inquiry. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022). First, a court determines whether a document is a "judicial document." *Id.* at 87. A judicial document is "a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (internal quotation marks omitted). Whether or not a court ultimately relies upon a document in adjudicating a motion is not the proper standard for determining whether it is "judicial document." *Brown v. Maxwell*, 929 F.3d 41, 50-51 (2d Cir. 2019). "[A] presumption of immediate public access attaches [to judicial documents] under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006).

Second, a court determines the weight of the presumption that attaches to the document, looking to "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Olson*, 29 F.4th at 87-88. "The presumption of public access exists along a continuum. The strongest presumption attaches where the documents determine litigants' substantive rights, and is weaker where the documents play only a negligible role in the performance of Article III duties." *Id.* at 89 (internal quotation marks omitted) (citation omitted). However, documents do not "receive different

weights of presumption based on the extent to which they [are] relied upon in resolving the motion." *Lugosch*, 435 F.3d at 123.

"Finally, once the weight of the presumption has been assessed, the court is required to balance competing considerations against it." *Olson*, 29 F.4th at 88 (internal quotation marks omitted). Denial of public access is permitted only on the basis of "specific, on-the-record findings" that protection from disclosure "is necessary to preserve higher values." *Lugosch*, 435 F.3d at 124. A court may deny public disclosure of a judicial document only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88. Finally, the nature and extent of any redactions must be narrowly tailored to serve such interests. *See Lugosch*, 435 F.3d at 124.

## DISCUSSION

The NYT Company's Motion is unopposed.[1] Nevertheless, the Court addresses the three factors regarding public access to judicial documents to ensure that this request is appropriate.

First, "[s]earch warrant applications require the close and careful scrutiny of a judicial officer, and are thus judicial documents." *In re Search Warrant*, No. 16 Mag. 7063, 2016 WL 7339113, at *2 (S.D.N.Y. Dec. 19, 2016). Supporting affidavits, the warrants themselves, and any returns are also judicial documents. *See In re Sealed Search Warrants Issued June 4 & 5, 2008*, No. 08 Mag. 208, 2008 WL 5667021, at *2 (N.D.N.Y. July 14, 2008). There is therefore no doubt that the materials subject to this Motion are judicial documents.

---

[1] The press's standing to enforce the public right of access is well settled. *See Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 609 n.25 (1982). While formal intervention does not appear to be a prerequisite for purposes of adjudicating this Motion, the Court notes that such intervention by the NYT Company would be appropriate here. *See United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) ("[A] motion to intervene to assert the public's First Amendment right of access to criminal proceedings is proper.").

Second, the "common law presumption of access to [a] search warrant and related materials sought by [an] applicant is . . . entitled to great weight." *In re Search Warrant*, 2016 WL 7339113, at *3. That is because "[t]he judicial determination whether to grant a search warrant, and thus allow the government to enter and search private property, directly affects individuals' substantive rights," and any "[d]ocuments that a court relies on in making this determination, such as affidavits, directly affect the court's adjudication of those rights." *Id.* (citing *In re Sealed Search Warrants Issued June 4 & 5, 2008*, 2008 WL 5667021, at *3; *United States v. All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577, 584 (S.D.N.Y. 2009)).

Third, the parties have not opposed this motion and therefore do not raise any countervailing interests. Nevertheless, the Court considers any countervailing interests that might be implicated and concludes that they do not outweigh the high presumption of public access applicable here. With respect to law enforcement interests, now that this matter has concluded, any "need for secrecy is over." *In re Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990). The same is true as to any fair trial concerns—the case has been dismissed with prejudice and there will therefore be no trial. Finally, as to any privacy interests, targeted redactions can protect the identities of government agents and any unindicted subjects of investigation. *See In re Search Warrant*, 2016 WL 7339113, at *4. Accordingly, the Court concludes that there are no countervailing interests that would justify denial of public access to the materials that are the subject of this motion, provided that there are limited redactions to protect certain privacy interests.

## CONCLUSION

For the reasons stated above, the New York Times Company's motion is **GRANTED**. The Government shall, by May 2, 2025, file the materials subject to this motion on the public docket in this matter. The names of law enforcement personnel and any unindicted subjects of investigation shall be redacted from any materials filed on the public docket.

The Clerk of Court is respectfully directed to close ECF Nos. 133 and 178.

SO ORDERED.

Dated: April 25, 2025
       New York, New York

                                                DALE E. HO
                                    United States District Judge