UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Eric Adams,<br><br>*Defendant.* | **Amended Protective Order**<br>**24 Cr. 556 (DEH)** |

Upon the request of the New York City Campaign Finance Board ("CFB"), and with the consent of defendant Eric Adams and the Government, the Court hereby finds and orders as follows:

### Categories

1. **Disclosure Material.** The Government has made disclosure to the defendant of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16 and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material included material that (i) affects the privacy and confidentiality of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) was produced with more limited redactions than would otherwise be necessary; and (iv) was not authorized to be disclosed to the public or disclosed beyond that which was necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that (i) affects the privacy and confidentiality of third parties; (ii) identifies, or could lead to the identification of, witnesses who may be subject to

2023.11.26

harassment, intimidation or obstruction, absent the protective considerations set forth herein; (iii) could jeopardize the ongoing criminal investigations; or (iv) otherwise implicates the privacy of other individuals and/or non-public federal, state, or local governmental matters. Disclosure Material that includes a Bates label or otherwise is identified on the document or any accompanying discovery index or other written communication by the Government as "Sealed Material" shall be deemed "Sealed Material."

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy of witnesses or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of witnesses or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

**Disclosure and Treatment**

5. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action and purposes outlined in Paragraph 13. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media. Nothing in this Order limits the defense's use of ESI obtained from the defendant's own devices or accounts or documents produced by the defendant to the Government in his individual capacity. However, any such use must comply with applicable federal and local criminal rules.

6. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

   a. The defendant;

   b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

   c. Prospective witnesses for purposes of defending this action.

7. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, his counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

8. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible.

### Other Provisions

9. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

10. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

12. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the later of (a) the conclusion of CFB's audits and investigations of the defendant's 2021 and 2025 mayoral campaigns, and (b) the conclusion of litigation, if any, arising from such audits and investigations, subject to defense counsel's

2023.11.26

obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

13. Disclosure Material provided to the defense—including, but not limited to, Sealed Material, APO Material, and AEO Material—may also be used in (a) responding to the CFB's audits and investigations of the defendant's 2021 and 2025 mayoral campaigns, including the production of such materials to the CFB, (b) any administrative proceedings or litigation arising from such audits and investigations, provided that such use is consistent with the restrictions set forth above. With the consent of the CFB, to the extent the defense produces to the CFB materials covered by this Amended Protective Order, the CFB shall be bound by the same restrictions set forth herein, except for those contained in Paragraph 12.

### Retention of Jurisdiction

14. The provisions of this order shall continue to remain in effect notwithstanding the conclusion of this criminal prosecution and the Court will continue to retain jurisdiction to enforce this Order.

SO ORDERED:

Dated: New York, New York
    September 26, 2025

THE HONORABLE DALE E. HO
UNITED STATES DISTRICT JUDGE